28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rickke L. GREEN, Plaintiff-Appellant,
v.
D.L. FRANKLIN; Charlie Branson; Jim Shipley; Mark
Albridge; Carlos Baumgarner; G. Reading; Jerry Dowling;
Jennie Renshaw; John Marsh; Joe Prater; James Saffle;
Rita Andrews; Bobby Boone; Danny Nace; Lloyd Bassinger;
Gary Maynard; Gary Parsons; Tom Lovelace; Robert Dille;
Seven Members of Oklahoma Board of Corrections; Bennie
Trent; Harrell Franklin, Defendants-Appellees.
 No. 92-7089.
 United States Court of Appeals,
Tenth Circuit.
 June 17, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, MOORE, and ANDERSON, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 * On May 27, 1994, plaintiff Rickke L. Green moved to disqualify the judges of this court from considering this and his other pending appeals. In support of his motion he cites 28 U.S.C. 455 (without specifying section [a] or [b]. He claims the judges of this court were named as defendants in another civil rights action, Green v. Seymour, appeal pending No.92-5207, in part for ruling adversely to him in yet another action, Green v. Dorrell, 969 F.2d 915 (10th Cir.1992), cert. denied, 113 S.Ct. 1336 (1993).
 
 
 3
 Motions under 28 U.S.C. 455 must be timely filed. Willner v. University of Kan., 848 F.2d 1020, 1022 (10th Cir.1988), cert. denied, 488 U.S. 1011 (1989). Generally, the issue of disqualification must be raised at the earliest moment after movant has knowledge of the facts. See United States v. Owens, 902 F.2d 1154, 1156 (4th Cir.1990). Here, the primary "event" complained of is plaintiff's action filed against the judges of this court in Green v. Seymour (notice of appeal filed October 14, 1992).
 
 
 4
 Plaintiff's other bases for disqualification are adverse rulings by this court in mandamus actions. Prior adverse rulings against a litigant are not in themselves appropriate grounds for disqualification. See United States v. Cooley, 1 F.3d 985, 993-94 (10th Cir.1993); Green v. Dorrell, 969 F.2d at 919; Glass v. Pfeffer, 849 F.2d 1261, 1268 (10th Cir.1988). Moreover, a judge is not disqualified merely because a litigant sues or threatens to sue him, United States v. Grismore, 564 F.2d 929, 933 (10th Cir.1977), cert. denied, 435 U.S. 954 (1978), or by a litigant's intemperate or scurrilous attacks. United States v. Studley, 783 F.2d 934, 940 (9th Cir.1986).
 
 
 5
 The test is whether a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir.1987). Under 455, factual allegations need not be taken as true, nor is the judge limited to the facts presented by the challenging party. Id.; see also, In re Beard, 811 F.2d 818, 827 (4th Cir.1987) (if motion is filed under 455 seeking disqualification, judge not bound to accept allegations as true). Finally, a judge should not recuse himself on unsupported, irrational, or highly tenuous speculation. Hinman v. Rogers, 831 F.2d at 939; Giles v. Garwood, 853 F.2d 876, 878 (11th Cir.1988), cert. denied, 489 U.S. 1030 (1989). We find plaintiff's allegations to be just that: unsupported, irrational, or highly tenuous speculation.
 
 
 6
 As the Supreme Court has recently held, grounds consisting of "judicial rulings, routine trial administration efforts" occurring "in the course of judicial proceedings" and which "neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible" do not require recusal under 28 U.S.C. 455(a). Liteky v. United States, 114 S.Ct. 1147, 1158 (1994).
 
 
 7
 Finally, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." Hinman v. Rogers, 831 F.2d at 939; see also United States v. Burger, 964 F.2d 1065, 1070 (10th Cir.1992)(quoting Hinman ), cert. denied, 113 S.Ct. 1854 (1993); United States v. Glick, 946 F.2d 335, 336-37 (4th Cir.1991)(when there is no reasonable basis to question judge's impartiality, it would be improper for judge to recuse). The motion for disqualification is denied.
 
 II
 
 8
 Plaintiff appeals from an order of the district court dismissing the underlying civil rights action with prejudice. Plaintiff's motion for leave to file Appendix A through K is granted. We exercise jurisdiction under 28 U.S.C. 1291 and reverse.
 
 
 9
 Plaintiff, a prisoner of the state of Oklahoma, filed the underlying action on December 27, 1991, alleging various violations of his constitutional rights by the defendants, employees of the Oklahoma Department of Corrections. On April 14, 1992, defendants filed a motion to dismiss or for summary judgment. Plaintiff was ordered to respond within fifteen days or the motion would be deemed confessed. On April 28, 1992, plaintiff moved for an enlargement of time to respond, which was granted. His deadline was reset for May 15, 1992. On May 13, 1992, plaintiff moved for a second enlargement of time, which was denied. Plaintiff failed to respond timely, and the clerk of the court entered a minute order on May 19, 1992, dismissing the case. Plaintiff's motion for relief from the May 19 order also was denied.
 
 
 10
 * Plaintiff argues first that Magistrate Judge James H. Payne acted outside the scope of his authority by conducting proceedings in this case between January 22, 1992, the date on which the case was ordered transferred from the Honorable H. Dale Cook, and March 4, 1992, the date on which the Honorable Frank H. Seay was assigned to the case. Plaintiff argues that the magistrate judge was not under the supervision of the court during this time, as required by statute. See Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1461 (10th Cir.1988)(citing 28 U.S.C. 631(a)).
 
 
 11
 This argument is without merit. The district court docket sheet reflects that Judge Cook referred this case to Magistrate Judge Payne on December 27, 1991, for findings and recommendations pursuant to Local Rule 32. "[A] judge may designate a magistrate to hear and determine any pretrial matter pending before the court," with eight named exceptions, none of which are relevant here. 28 U.S.C. 636(b)(1)(A); see also Ocelot Oil, 847 F.2d at 1461. In addition, a magistrate judge may conduct hearings and submit to a judge of the court proposed findings of fact and recommendations on any of those excepted motions, as well as other designated matters. See 28 U.S.C. 636(b)(1)(B).
 
 
 12
 It appears the magistrate entered only one order in this case--an order filed February 11, 1992, requiring defendants to compile a Special Report. This action does not fall within the exceptions to the magistrate's scope of authority in 636(b)(1)(A), and plaintiff did not request reconsideration of this order by a district judge as allowed by this subsection. Plaintiff points to no other matter determined by the magistrate, and the docket sheet reflects none. We conclude the magistrate did not act without authority in this case.
 
 B
 
 13
 Plaintiff also challenges the grant of defendants' motion to dismiss or for summary judgment. Our review is de novo. Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1551 (10th Cir.1992)(motion to dismiss); Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990)(motion for summary judgment).
 
 
 14
 The district court treated defendants' motion as unopposed because plaintiff's response was untimely. Plaintiff, however, verified his complaint under the statutory substitute for the taking of an oath, declaring "under penalty of perjury ... that the information contained [in the complaint] is true and correct," and dating his signature. Complaint, Record doc. 1; see also 28 U.S.C. 1746(1). The allegations in plaintiff's verified complaint, therefore, should have been considered on the motion to dismiss or for summary judgment as if in a new affidavit.
 
 
 15
 "Although a nonmoving party may not rely merely on the unsupported or conclusory allegations contained in his pleadings, a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)." Conaway v. Smith, 853 F.2d 789, 792 (10th Cir.1988). "Rule 56(e) requires that the affidavit be based on personal knowledge, contain facts which would be admissible at trial, and show that the affiant is competent to testify on the matters stated therein." Id. Plaintiff's verified complaint meets these requirements.
 
 
 16
 Therefore, the district court erred in granting defendants' motion without addressing the merits. We reverse on this basis and remand for further proceedings.[2] We find plaintiff's other arguments to be minor and without merit, or, because we reverse and remand for defendants' motion to dismiss or for summary judgment to be decided on the merits, it is unnecessary to reach them.
 
 
 17
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED for further proceedings consistent with this order and judgment.
 
 
 18
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We assume plaintiff will be given an opportunity to respond to defendants' motion on remand