79 F.3d 1156
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rickke L. GREEN, Plaintiff-Appellant,
v.
D.L. FRANKLIN, Correctional Officer; Charlie Branson,
Correctional Officer; Jim Shipley, Correctional Officer;
Mark Albridge, Correctional Officer; Carlos Baumgarner,
Correctional Officer; Reading, Correctional Officer; Jerry
Dowling, Captain; Jennie Renshaw, Lpn; John Marsh, Dr.;
Joe Prater, Medical Administrator; James Saffle, Warden,
Oklahoma State Penitentiary; Rita Andrews, Deputy Warden;
Bobby Boone, Deputy Warden; Danny Nace, Security Major;
Lloyd Bassinger, Institutional Investigator; Gary Maynard,
Director, Department of Corrections; Gary Parsons,
Associate Director, Department of Corrections; Tom
Lovelace, Chief of Security; Robert Dille, Dr., Medical
Director; Bennie Trent, Paramedic; Harrell Franklin,
physicians assistant; Oklahoma Board of Corrections, Seven
Members, Defendants-Appellees.
 No. 95-7065.
 United States Court of Appeals, Tenth Circuit.
 March 15, 1996.
 
 Before PORFILIO, KELLY, and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Rickke L. Green, an Oklahoma prisoner appearing pro se, appeals from the grant of summary judgment in favor of defendants, and the denial of his cross-motion for summary judgment, in this civil rights action. We have jurisdiction under 28 U.S.C. 1291, and we reverse and remand for additional proceedings.
 
 
 3
 This case has been here on appeal before, after the district court previously granted defendants' motion to dismiss or for summary judgment in a minute order. Green v. Franklin, No. 92-7089, 1994 WL 266761, at * 2 (10th Cir. June 17, 1994)(order and judgment). The district court had held then that Green's response was untimely and that defendants' motion was therefore unopposed. See id. at * 3. We reversed and remanded for additional proceedings, pointing out that Green had verified his complaint and that it therefore should have been treated as an affidavit under Rule 56(e). Id.
 
 
 4
 Green misconstrues our previous mandate, however, when he contends that we held that his verified complaint was sufficient to withstand summary judgment. Appellant's Opening Br. at 1-2. We made no such holding. We held only that Green's verified complaint qualified as an affidavit under Rule 56(e), and the district court therefore should have resolved defendants' motion to dismiss or for summary judgment on the merits rather than treating it as unopposed. Green v. Franklin, No. 92-7089, 1994 WL 266761, at * 3. The district court subsequently entered its order on the merits on March 31, 1995, once again granting summary judgment in favor of defendants, and denying Green's cross-motion for summary judgment. R. Vol. I, doc. 56 at 9.
 
 
 5
 We again reverse, this time only because the district court improperly resolved material issues of fact on Green's excessive force claim. Green's allegations, as set out by the district court in its order, clearly state a cause of action for excessive force by guards against a prisoner. See id. at 2-4; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The district court used the Martinez report[2] like a trump card, however, holding that Green's allegations of fact were untrue wherever they were in opposition to defendants' version of events. R. Vol. I, doc. 56 at 5-7. This is error. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
 
 
 6
 Green's other arguments are either without merit or we do not reach them. Green did not establish his entitlement to a summary judgment in his favor. Because he admitted that defendants responded to his medical complaints, see Supplemental R., pp 23, 27, 34-38, 40,[3] we hold that defendants were not deliberately indifferent to his serious medical needs as a matter of law. See Farmer v. Brennan, 114 S.Ct. 1970, 1977-78 (1994)(discussing Estelle v. Gamble, 429 U.S. 97, 104 (1976) and Whitley v. Albers, 475 U.S. 312, 319 (1986)(holding deliberate indifference is more than mere negligence)). Green's subjective belief that defendants' response was inadequate does not create a material issue of fact. See id. He is not entitled to appointed counsel. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir.1995)(holding court should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims"). Finally, we will not consider his argument that Judge Seay should be disqualified because he did not raise this issue in the district court. See Singleton v. Wulff, 428 U.S. 106, 120 (1976). We also point out to appellant that the practice of incorporating lengthy materials filed in the district court by reference is highly disfavored. See Executive Leasing Corp. v. Banco Popular, 48 F.3d 66, 67-68 (1st Cir.), cert. denied, 116 S.Ct. 171 (1995).
 
 
 7
 Green's application to supplement legal authorities is GRANTED. The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED for additional proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 See Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978)
 
 
 [3]
 Pursuant to 10th Cir. R. 10.2.2 and 11.2, we have sua sponte supplemented the record on appeal to include Green's verified complaint