UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 6/25/96**

RICKKE L. GREEN, also known as
Rickke Leon Green,

      Plaintiff-Appellant,

v.

DAN REYNOLDS, Warden, OSP; E. K.
MCDANIELS, Deputy Warden, OSP;
KEN KLINGLER, Deputy Warden, OSP;
LEE MANN, Warden's Assistant, OSP;
DANNY NACE, Chief of Security, OSP;
KEN YOTT, Institutional Investigator,
OSP; FRANK MORGAN, Unit Captain,
OSP; DENNIS BRANCH, Unit
Lieutenant, OSP; JAMES L. SAFFLE,
Regional Director, DOC; LLOYD
BASSINGER, Deputy Regional Director,
DOC; LARRY FIELDS, Director, DOC;
GARY PARSONS, Associate Director,
DOC; MIKE PARSONS, Deputy
Director, DOC; ELVIN BAUM, Inspector
General, DOC; 7 BOC MEMBERS,
Members of the Oklahoma Board of
Corrections, DOC; DAVID WALTERS,
Governor, State of Oklahoma, and Chief
Executive Officer of the State of
Oklahoma and Chief Supervising
Authority of the Oklahoma Department of
Corrections,

      Defendants-Appellees.

No. 95-7074
(D.C. No. CIV-93-594-B)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Green filed this suit under 42 U.S.C. § 1983 after officials at the Oklahoma State Penitentiary decided to screen all of his outgoing mail because he had smeared blood on a letter to his senator. For a brief time in 1993, Green sent no mail. He alleges the prison mail policy denies him meaningful access to the courts and violated his right to due process and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

2

free expression. The district court granted summary judgment in favor of defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

At the outset, we remind appellant that, like other litigants, he is required to know and follow our procedural rules when preparing documents to be filed in this court. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). Instead of preparing a true appellate brief in this case, appellant incorporated by reference his district court brief in opposition to defendants' motion for summary judgment. We disapprove of this practice for two reasons: (1) appellant failed for the most part to follow the requirements of Fed. R. App. P. 28; and (2) appellant's district court response to defendants' motion for summary judgment does not make a valid appellate brief because appellant is limited to the issues preserved in his subsequent objections to the magistrate judge's report, see Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); R. doc. 30 at 8. Appellant should not expect the court to prepare his brief for him and we caution him. Although we are not

_____

[1] Green's claims for declaratory and injunctive relief might be moot, see Beattie v. United States, 949 F.2d 1092, 1093 (10th Cir. 1991), as he advised this court in a postjudgment motion filed in Green v. Franklin, No. 95-7065, 1996 WL 117483 (10th Cir. Mar. 15, 1996)(order and judgment), that he was being transferred to federal prison. Even assuming that is true, his claims for damages are not moot. We do not base our decision on mootness because Green's housing assignment has not been confirmed and, in any case, it does not advance Green's cause to dismiss his claims as moot rather than to affirm the district court's dismissal on the merits.

In addition, we need not and do not decide whether the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, applies retroactively to this case because, in any event, the application of the Act would not provide plaintiff a more favorable result.

dismissing this appeal, we readily can imagine circumstances in which an appeal would be summarily dismissed for appellant's failure to cull the issues for appeal and present his arguments in an appellate brief.

Green contends on appeal that: (1) the magistrate judge and district court improperly resolved disputed issues of fact; (2) the district court failed to address Green's cross-motion for summary judgment; (3) the district court's review of the magistrate judge's report was not de novo; (4) Magistrate Judge Payne should have recused himself; and (5) counsel should be appointed to represent him.

The district court did not improperly resolve issues of fact on Green's claims. Green admitted in his complaint that he smeared blood on a letter to his senator. R. doc. 3 at 2(B)(1). Thus, there is no question that the prison's mail policy furthers an important government interest unrelated to suppression of expression, i.e., security, order, and rehabilitation. Procunier v. Martinez, 416 U.S. 396, 413-14 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989). Further, Green has not shown that the prison's limitation of his First Amendment rights was any greater than necessary to protect that interest. See id. Green did not allege that his mail was censored--i.e., rejected--only that prison officials proposed to search it. Thus, due process concerns do not arise (as Green claimed in his cross-motion for summary judgment). The choice to present mail for screening or not was Green's, not defendants'.

The district court's failure to specifically address Green's cross-motion for summary judgment is harmless error, if error at all, because our review of the implied denial of the motion is de novo. Crow Tribe of Indians v. Repsis, 73 F.3d 982, 986 (10th Cir. 1995), cert. denied, 116 S. Ct. 1851 (1996). Green argued that defendants failed to provide him a due process hearing to protest mail censorship, Procunier, 416 U.S. 396; that mail censorship violates the Battle permanent injunction, see Battle v. Anderson, 376 F. Supp. 402 (E.D. Okla. 1974), aff'd in part and rev'd in part, Nos. 92-7086, 92-7101, 1993 WL 152672 (10th Cir. 1993)(order and judgment); and that defendants admitted mail censorship. Green's motion is based on the erroneous premise that the prison censored his mail rather than merely screening it for security purposes. Green did not allege that his mail was censored, however, only that the prison proposed to search it. Therefore, the cross-motion for summary judgment was correctly denied by implication.

Green next contends the district court failed to do the required de novo review of the magistrate judge's report. The district court need not say the words "de novo." See Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991). It is only where circumstances indicate that the district court has not conducted a de novo review following a timely objection to the magistrate judge's report that the case must be remanded for compliance with 28 U.S.C. § 636(b)(1)(requiring de novo review). Summers, 927 F.2d at 1167. The district court noted Green's objections and stated it made a "full and complete review of the

5

record and the issues." R. doc. 34 at 1.  Green's complaint that the district court's review was not de novo is therefore without merit.

Green also complains that the magistrate judge should have recused himself.  Green's affidavit was insufficient to show cause, however.  "The affidavit is insufficient if it merely states conclusions, rumors, beliefs and opinions; it must 'state with required particularity the identifying facts of time, place, persons, occasion, and circumstances.'" Dorrell, 969 F.2d at 919 (quoting Glass v. Pfeffer, 849 F.2d 1261, 1267 (10th Cir. 1988) and Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987)(per curiam)).  Further, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification." Id. Green's motion to recuse the magistrate judge asserts only adverse or erroneous rulings (which amounts to the same thing), and conclusory factual and legal conclusions regarding his other lawsuits as a basis for recusal.  The motion was properly denied.

Finally, Green has not demonstrated a need for appointed counsel in this civil case. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)(holding court should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims").  Therefore, Green's motion for appointment of counsel is denied.

Green's application to supplement legal authorities is noted.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Nathaniel R. Jones
Senior Circuit Judge