FILED
United States Court of Appeals
Tenth Circuit

October 1, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICKKE L. GREEN,

       Petitioner-Appellant,

v.

MARTY SIRMONS, Warden,

       Respondent-Appellee.

No. 08-7024
(D.C. No. CV-07-254-RAW-KEW)
(E.D. Okla.)

---

RICKKE L. GREEN,

       Petitioner-Appellant,

v.

DAN REYNOLDS; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

       Respondents-Appellees.

No. 08-6063
(D.C. No. CV-93-702-D)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rickke Leon Green is a prisoner in the Oklahoma State Penitentiary. He has filed applications for a certificate of appealability ("COA") in the two above-captioned matters that we have consolidated for decision. Because Mr. Green is proceeding *pro se*, we construe his filings liberally. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).[1]

1. *Green v. Sirmons*, No. CV-07-254 (E.D. Okla. Feb. 19, 2008). In this action, Mr. Green sought to challenge his imprisonment in a 28 U.S.C. § 2254 petition. The district court denied his petition and he now seeks a COA before us.

Before the district court, Mr. Green alleged that an Oklahoma state district judge and the Oklahoma Court of Criminal Appeals obstructed his filing of post-conviction petitions in the Oklahoma state courts. He asked that the federal court "entertain and adjudicate on the merits" his state post-conviction cases. The district court explained that, despite any alleged difficulties Mr. Green might have experienced in the Oklahoma state court system, he did not state any violations of his federal constitutional rights as a habeas petitioner must. Accordingly, the district court dismissed the petition.

---

[1] Accompanying both applications for COA, Mr. Green has filed an identical motion requesting that the entire Tenth Circuit Court of Appeals be disqualified from deciding cases to which he is a party. We construe this as a motion made under 28 U.S.C. § 455. This is not the first such motion Mr. Green has made to this court. *See Green v. Franklin*, 1994 WL 266761 (10th Cir. 1994). We remind Mr. Green that judges cannot recuse themselves based on "unsupported, irrational, or highly tenuous speculation." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Because we find his allegations to fall into that category, we deny the motions with respect to both applications for COA.

We may only issue a COA if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, Mr. Green must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In his request for COA, Mr. Green has not addressed the district court decision or provided additional reasons for COA to be granted. In view of Mr. Green's *pro se* status, we have nonetheless reviewed the district court's decision with care, but we find that reasonable jurists could not debate its decision. Accordingly, we must deny his request for COA for substantially the same reasons given by the district court.[2]

2. *Green v. Reynolds*, No. CV-93-702 (W.D. Okla. March 7, 2008). Mr. Green originally brought this particular habeas action in 1993, challenging a 1971 Oklahoma state conviction. After the district court denied relief, this court reversed on Mr. Green's remaining claim that he was denied due process because he was not properly certified as an adult prior to trial. *Green v. Reynolds*, 57 F.3d 956 (10th Cir. 1995). On that claim, this court directed the district court to issue a writ of habeas corpus unless "the state holds a constitutionally adequate

---

[2] We note that the district court granted Mr. Green's request to proceed *in forma pauperis* in this matter (No. 08-7024).

[retroactive adult certification] hearing and validly concludes that petitioner would have been prosecuted as an adult had proper, timely certification procedures been employed." *Id.* at 961 (emphasis omitted). After the state held such a hearing, the federal district court determined that the hearing was constitutionally adequate and that petitioner would have been prosecuted as an adult had timely certification procedures been used; accordingly, it dismissed the petition in a 1996 order. Mr. Green did not appeal this decision, but twelve years later filed a Fed. R. Civ. P. Rule 60(b) motion on the grounds that the federal district court lacked jurisdiction to issue its decision. He now seeks a COA before us to challenge the denial of his Rule 60(b) motion.

As with Mr. Green's first application for COA, we may only issue it if reasonable jurists could debate whether the district court resolved the matter correctly. *Slack*, 529 U.S. at 484. Layered on top of the *Slack* inquiry in this application are other standards of review that stand as significant hurdles to Mr. Green obtaining a COA in this matter. *See Fleming v. Evans*, 481 F.3d 1249, 1254-55 (10th Cir. 2007) (applying *Slack* test in conjunction with appropriate standard of review). First, denials of Rule 60(b) motions are reviewed only for abuse of discretion. *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). Moreover, the relief afforded by Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Id.* Accordingly, we may only grant COA if we find that it is debatable whether the district court

abused its discretion by denying a form relief that is only available in extraordinary and exceptional circumstances. This is a difficult hurdle that Mr. Green cannot overcome.

Mr. Green argues that his Rule 60(b) motion should be granted based on his contention that the federal district court lacked jurisdiction to deny his habeas petition because the retroactive adult certification hearing was improperly held in a state juvenile court rather than in a state district court. Finding no legal authority to suggest that the retroactive adult certification hearing could not be held in a state juvenile court or that it lacked jurisdiction, the federal district court denied his 60(b) motion. Mr. Green has not addressed the district court decision or reasoning in his application for COA. Mindful of Mr. Green's *pro se* status, we have reviewed the matter carefully, but we do not believe it debatable that the district court abused its discretion in this matter. Accordingly, we deny COA.

Finally, Mr. Green seeks leave to proceed in this court *in forma pauperis* in this matter (No. 08-6063). Because Mr. Green has failed to raise any "reasoned, nonfrivolous argument" in his appeal we deny this motion. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

- 5 -