**Yvonne DALTON, Plaintiff-Appellee,**

v.

**FIRST INTERSTATE BANK OF DENVER, a National Banking Association, Defendant-Appellant.**

No. 87–1254.

United States Court of Appeals, Tenth Circuit.

Dec. 23, 1988.

---

Roger T. Castle, P.C., Denver, Colo., and Russell Reiner, Redding, Cal., for plaintiff-appellee.

Richard L. Thorgren and Michael W. Lillie, of Hughes and Dorsey, Denver, Colo., for defendant-appellant.

Before BALDOCK, BRORBY, Circuit Judges, and BURCIAGA,* District Judge.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

The parties have been advised that the court was considering summary dismissal

of this appeal for lack of appellate jurisdiction.

Judgment was entered February 10, 1987, awarding plaintiff $50,000, "plus the interest that the sum would have accumulated had it not been withdrawn according to the terms of the certificate of deposit at defendant bank to this date." Plaintiff then timely moved to amend the judgment with respect to the interest to read "plus the interest that sum would have accumulated had it been left in the most favorable certificate of deposit at defendant bank from January 11, 1974, to this date." Defendant also filed a motion to alter or amend the judgment and to stay enforcement.

On February 23, 1987, the district court denied defendant's motion and directed responses to plaintiff's motion and to the bill of costs and claims for attorney's fees. Defendant filed its notice of appeal on February 25.

On March 16, this court advised the parties of its concern that the order appealed was not final under Fed.R.App.P. 4(a)(4). The district court granted plaintiff's motion and entered an amended judgment reflecting the requested clarification regarding interest on March 24. No second notice of appeal was filed.

■ This court has consistently held that regardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e). *Venable v. Haislip*, 721 F.2d 297, 299 (10th Cir.1983); *Vreeken v. Davis*, 718 F.2d 343, 345 (10th Cir.1983) (motion to file second amended complaint treated as Rule 59(e) motion); *see also Miller v. Leavenworth–Jefferson Elec. Co-op, Inc.*, 653 F.2d 1378, 1380 (10th Cir.1981) (pleading styled "Motion to Dismiss" challenging court's jurisdiction treated as Rule 59(e) motion). Further, we agree with the Seventh Circuit's reasoning that post-judgment motions filed within ten days of the final judgment should, where possible, be construed as Rule 59(e) mo-

* Honorable Juan G. Burciaga, District Judge, United States District Court for the District of New Mexico, sitting by designation.

tions to "avoid otherwise endless hassles over proper characterization." *Western Inds., Inc. v. Newcor Canada, Ltd.*, 709 F.2d 16, 17 (7th Cir.1983). This is also in keeping with our expressed preference for bright-line jurisdictional rules. *Budinich v. Becton Dickinson and Co.*, 807 F.2d 155 (10th Cir.1986), *aff'd* — U.S. ——, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988).[1]

■ The requested amendment resulted in both an alteration of the interest and the fixation of the interest period. Although the change sought was not major, it was sufficient to call into question the substantive correctness of the judgment. *St. Paul Fire & Marine Ins. Co. v. Continental Casualty Co.*, 684 F.2d 691, 694 (10th Cir. 1982). *See also Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir.) (en banc) (timely post-judgment motion within scope of Rule 59(e) treated under that rule), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986); *Willie v. Continental Oil Co.*, 784 F.2d 706, 707 (5th Cir.1986) (en banc) (same); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986) (adopting *Harcon* Rule); *Elias v. Ford Motor Co.*, 734 F.2d 463, 466 (1st Cir.1984) (motion to change rate of interest must be made under Rule 59(e)); *Stern v. Shouldice*, 706 F.2d 742, 747 (6th Cir.) (discretionary prejudgment interest motions fall under Rule 59(e)), *cert. denied*, 464 U.S. 993, 104 S.Ct. 487, 78 L.Ed.2d 683 (1983); *Scola v. Boat Frances, R., Inc.*, 618 F.2d 147, 153 (1st Cir.1980) (erroneous inclusion by clerk in judgment of discretionary prejudgment interest falls under Rule 59(e)).

Defendant argues that the motion to amend the judgment should be construed as a Rule 60(a) motion to correct a clerical error. We disagree. Rule 60(a) is available to correct what is erroneous because the thing spoken, written, or recorded is *not what the person intended* to speak, write, or record, not what is erroneous because the person later discovers the thing said, written, or recorded was wrong. *Allied Materials Corp. v. Superior Prods.*

*Co.*, 620 F.2d 224, 226 (10th Cir.1980); *Security Mut. Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980) (Rule 60(a) may not be used to change something which has been deliberately done). *See also United States v. Griffin* 782 F.2d 1393, 1396–1397 (7th Cir. 1986) (if flaw lies in translation of original meaning to judgment, Rule 60(a) allows correction; if judgment captures meaning but contains errors, another source is needed); *Morgan Guaranty Trust Co. v. Third Nat'l Bank*, 545 F.2d 758, 760 (1st Cir. 1976) (mistake based on erroneous legal interpretation is beyond scope of Rule 60(a)); *Warner v. Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir.1976) (where error is one of law but judgment states what judge intended, Rule 60(a) not available to correct judgment).

In contrast, a Rule 59(e) motion need only in writing, specify grounds, and request relief, *St. Marys Hospital Medical Center v. Heckler*, 753 F.2d 1362, 1365 (7th Cir.), *cert. denied*, 472 U.S. 1028, 105 S.Ct. 3502, 87 L.Ed.2d 633 (1985), and can be made on any ground. *In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir.1986). *See also Varley v. Tampax, Inc.*, 855 F.2d 696, 699 (10th Cir.1988) (timely Rule 59(e) motion permits amendment of judgment for any reason).

We conclude the motion was properly made under Rule 59(e). A timely Rule 59(e) motion requires that a new notice of appeal be filed after the motion is disposed of. Fed.R.App.P. 4(a)(4). The notice of appeal filed in this case was not only premature, but a nullity. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982).

Defendant was alerted to the potential jurisdictional defect before the amended judgment was entered. All that was required was the simple filing of a second notice of appeal, without further cost. Fed.R.App.P. 4(a)(4).

---

1. Clearly excluded from this category are motions for attorney's fees, *White v. New Hampshire*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), and motions for costs under Rule 54(d). *Buchanan v. Stanships, Inc.*, — U.S. ——, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988).

The appeal is DISMISSED.

The mandate shall issue forthwith.