ESTATE OF BARBARA WARNER MCCAMPBELL, DECEASED, MBANK CORPUS CHRISTI, N.A., INDEPENDENT EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 34385-87.     Filed November 2, 1989.

*Lance K. Bruun,* for the petitioner.
*Jan W. Busby,* for the respondent.

OPINION

GERBER, *Judge:* Petitioner, by means of a motion to correct transcript filed August 25, 1989, attempts to correct the transcript of the trial conducted at San Antonio, Texas, on March 14, 1989. Petitioner references five places in the transcript where it is contended that the transcript is incorrect. Three of the requested changes concern situations where a witness testified that an event occurred on a particular date which is contradictory to other testimony or documentary evidence in the record. One involves a witness' statement that the subject of a lease was "hunting," whereas petitioner contends that the lease concerns "graz-

ing." One of the requested changes to the transcript concerns the erroneous attribution of testimony to a person other than the one who made the statement. Respondent, in his response to motion to correct transcript, agrees that testimony had been attributed to the wrong person and that the trial transcript should be corrected. Respondent, with respect to all other requests of petitioner to correct the transcript, contends that correction should be limited to errors made by the court reporter in the transcription of testimony. The issue generated by this controversy is whether a transcript may be corrected for properly transcribed testimony which may otherwise be incorrect.[1]

This Court is a court of record as established in section 7441.[2] Under Rule 150(a) trials before this Court are recorded and a transcript is made in appropriate circumstances. The transcript of testimony may constitute evidence and is referenced by the parties and the Court to support findings of fact in briefs and opinions. Furthermore, a duly certified transcript of testimony can be "admissable in evidence at a later trial or hearing." Rule 150(b).

Our rules do not contain guidance or standards for correction of the transcript. Although the Federal Rules of Civil Procedure govern procedure in the U.S. District Courts in all suits of a civil nature, they are not directly applicable to this Court. Fed. R. Civ. P. 1. This Court is mandated to conduct proceedings in accord with self-prescribed rules and in accordance with the rules of evidence applicable in trial without a jury in the U.S. District Court for the District of Columbia. See section 7453; Rule 1(a). We have looked to the Federal Rules of Civil Procedure for assistance and guidance in situations where our rules are silent. Rule 60(a), Fed. R. Civ. P. provides for relief from clerical mistakes in judgments, orders, "or other parts of the record." That Rule also covers "errors therein arising from oversight or omission" and would permit correction by means of a motion by a party. There is no definition of clerical mistake or an "error

---

[1]In considering this motion we do not rule upon whether the testimony in question is correct or whether it should be found as a fact. For purposes of addressing petitioner's motion, we assume that the facts set forth in petitioner's motion are correct.

[2]Section references are to the Internal Revenue Code and Rule references are to this Court's Rules of Practice and Procedure.

therein arising from oversight or omission" in the Federal Rules of Civil Procedure.

In a recent case, the Court of Appeals for the Tenth Circuit in denying a motion to amend the judgment described Rule 60(a), Fed. R. Civ. P., as being:

available to correct what is erroneous because the thing spoken, written or recorded is *not what the person intended* to speak, write, or record, not what is erroneous because the person later discovers the thing said, written, or recorded was wrong. * * * [*Dalton v. First Interstate Bank of Denver,* 863 F.2d 702, 704 (10th Cir. 1988) (emphasis in original); see also *Allied Materials Corp. v. Superior Products Co.,* 620 F.2d 224, 225-226 (10th Cir. 1980).]

It would follow that the transcription of the trial record should be corrected for unintended errors or omissions and not for statements which are in error, but were intentionally stated. The underlying principle here is that the record should reflect the accurate and exact statement of a witness, a representative, or the Court. To that end, we agree, as does respondent, that testimony attributed to the wrong witness should be corrected to make the transcript of the trial accurate and exact.

It does not follow, however, that accurately recorded and transcribed testimony which is not true or correct as to its content should be corrected. The trial record and resulting transcription should accurately and exactly reflect the witness' errors, incapacities, lack of memory, lack of truth, or any other element or factor which may bear upon the witness' credibility and/or the weight that should be afforded to that witness' testimony. Accordingly, a witness' testimony which has been accurately and exactly recorded and transcribed, although the content be incorrect or inaccurate, should not generally be corrected.

Here petitioner moved to correct the transcript, as follows:

1. Tr. page 24, line 18 states March 22, 1986 as the date Petitioner was appointed as trustee and independent executor under the will of Dick Jones McCampbell. This date is corrected in later testimony (Tr. 32, line 25 and Tr. 33, line 2) and should be March 22, 1984.

2. Tr. page 28, line 13 states March 22, 1986 as the date the witness Day Manley first became involved with this case. This date should be January of 1986 (Tr. 25, line 8).

3. Tr. page 32, line 23 states March 22, 1986 as the date Petitioner became the executor of the estate of Barbara Warner McCampbell. This date is corrected immediately below in the transcript in line 25 and again in Tr. page 33, line 2, and should be March 22, 1984.

4. Tr. page 82, line 20 states that a 10 percent discount was applied by expert witness Binford because of the burdens of the life [e]state and a long-term hunting lease. This should be a long-term grazing lease instead of a hunting lease.

5. Tr. 123, line 22, attributes the statement "how did you get that appraisal?" to Petitioner's counsel Bruun. This statement was made by Respondent's expert Moore in response to inconsistent adjustments used in his appraisal of the Las Vivoritas tract and an appraisal of Moore's conducted previously. Correction is needed to verify impeachment of Respondent's expert witness.

The first four requests to correct the transcript involve statements which, although correctly recorded and transcribed, may be incorrect or otherwise contradicted in other parts of the record. We agree with respondent that those four requests should not be granted. We suggest that the proper method to address these four alleged inconsistencies would be in the parties' briefs. Accordingly, petitioner's motion, as it relates to the first four requests, will be denied. The fifth request, with which respondent agrees, is a proper subject for correcting the transcript and petitioner's motion will be granted with respect to that request.

*An appropriate order will be issued.*