982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert L. WARREN, D.D.S. Plaintiff-Appellant,
v.
OKLAHOMA DEPARTMENT OF CORRECTIONS; Gary D. Maynard, as the
Director; Jon Tillinghast, M.D., as the former
Medical Director and individually,
Defendants-Appellees.
 No. 91-6309.
 United States Court of Appeals, Tenth Circuit.
 Dec. 8, 1992.
 
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.
 ORDER AND JUDGMENT**
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Robert L. Warren appeals the district court's grant of summary judgment to defendants on Warren's racial discrimination claims. Warren, a black male, is employed as a dentist by the Oklahoma Department of Corrections (DOC). He brought suit against his employer and individual defendants Maynard and Tillinghast, alleging disparate treatment based on his race, resulting in a lower salary than that paid to other dentists at DOC.[1] His complaint asserted claims based on the Equal Pay Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and the Fourteenth Amendment. Defendants moved for summary judgment.
 
 
 3
 In granting summary judgment, the district court's order held that 1) the Equal Pay Act is inapplicable to Warren's racial discrimination claims, 2) the DOC is immune from suit on Warren's § 1983 claim, 3) the individually-named defendants, sued in their official capacities, are likewise immune from Warren's claim for damages, 4) Warren did not meet his burden to show that the salary disparity between him and other DOC dentists was based on race such that his claim for injunctive relief against defendants Maynard and Tillinghast could survive summary judgment, 5) defendant Tillinghast, sued in his individual capacity, is qualifiedly immune from suit, and 6) Warren's Title VII claim fails because he failed to present specific, nonconclusory evidence from which a reasonable jury could find an inference of discriminatory intent. Warren filed a motion to reconsider, arguing that the dismissal of his Title VII claim was improper.[2] The district court denied this motion, and Warren filed a timely notice of appeal.[3]
 
 
 4
 Our jurisdiction over this appeal arises from 28 U.S.C. § 1291.[4] We review the grant of summary judgment de novo, applying the same standard as the district court under Fed.R.Civ.P. 56(c), Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990), and we review the district court's denial of Warren's motion to reconsider under an abuse of discretion standard, Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir.1992). We affirm.
 
 
 5
 On appeal, Warren appears to argue that the district court erred in dismissing his Title VII claim, Tillinghast is not qualifiedly immune, and he is entitled to injunctive relief under 42 U.S.C. § 1983. Although stated as three separate issues, the essence of Warren's arguments on appeal have a common theme. He contends that because he has alleged racial discrimination and because his starting and current salaries are lower than other dentists employed by the DOC, he is entitled to back pay, other compensatory damages, punitive damages, and prospective injunctive relief.
 
 
 6
 Warren stated numerous allegations in support of his claims before the district court; however, none of Warren's allegations link his race to the salary discrepancy. Under either Title VII or 42 U.S.C. § 1983, Warren must present evidence probative of discriminatory intent. See Lewis v. City of Fort Collins, 903 F.2d 752, 755 n. 1 (10th Cir.1990). After a careful review of the record on appeal, we agree with the district court that Warren failed to present evidence which could support "even an inference of discriminatory motive." Appellant's Appendix, Doc. 16, District Court's Order at 8. Without such supporting evidence, Warren's allegations of racial discrimination are conclusory; he cannot rely on them to survive defendants' summary judgment motion. See Lewis, 903 F.2d at 759.
 
 
 7
 Warren repeatedly argues that any disparity, however small, is not equal treatment under the law. Nonetheless, these arguments are not relevant here because Warren has presented no specific factual evidence which could support a finding of discriminatory intent. Salary disparities are not actionable per se under Title VII or 42 U.S.C. § 1983; disparate treatment must be motivated by impermissible discrimination.
 
 
 8
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In his affidavit supporting his brief in response to defendants' summary judgment motion, Warren alleges disparate treatment "in addition to the disparity in my salary," pointing to a facility reassignment. However, that point was not argued to the district court, nor is it at issue on appeal
 
 
 [2]
 We construe Warren's motion to reconsider, filed within ten days of the district court's order granting summary judgment to defendants, as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). See Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703 (10th Cir.1988)
 
 
 [3]
 Although Warren's notice of appeal designated only the district court's order denying his motion for reconsideration as the order being appealed, we construe his notice of appeal to include the district court's earlier order on the merits, because, on appeal, Warren includes arguments about his § 1983 claim, and appellees address the § 1983 claim in their brief. See Grubb v. FDIC, 868 F.2d 1151, 1154 n. 4 (10th Cir.1989) (appellate court may treat appeal as from final judgment if intent to appeal from that judgment is clear and opposing party not misled or prejudiced)
 
 
 [4]
 Warren invokes pendent jurisdiction as to his state claims. Appellant's Brief at 1. However, he pursued no state claims before the district court and argued none in his motion to reconsider