PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 10/8/96**

TENEN CIRCUIT

TENTH CIRCUIT

R.L. GRANTHAM, SANDRA
GRANTHAM, DAVID GRANTHAM,
STEVEN GRANTHAM, LACKNER
PAGANO, LTD.,

      Plaintiffs-Appellants,

v.

THE OHIO CASUALTY COMPANY,

      Defendant-Appellee.

No. 95-5078

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 93-C-787-K)

Submitted on the briefs:

G. Steven Stidham, Brian S. Gaskill of Sneed, Lang, Adams & Barnett, Tulsa,
Oklahoma, for Plaintiffs-Appellants.

David H. Sanders of Sanders, Sanders & Daffern, Tulsa, Oklahoma, for
Defendant-Appellee.

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

BRORBY, Circuit Judge.

The Granthams were involved in an automobile accident in which their vehicle was struck by another driven by Patrick Pagano. Pagano, who died in the accident, was president and principal stockholder of Lackner Pagano, Ltd. (Lackner). The Granthams brought a state court action against Lackner claiming that Pagano was within the scope of his employment at the time of the accident. Lackner was insured under a businessowners liability policy issued by defendant Ohio Casualty Company, which denied coverage. The Granthams and Lackner therefore joined as plaintiffs in this action seeking a declaratory judgment that defendant's insurance policy did cover Lackner for this accident.[1]

The district court granted summary judgment in favor of defendant on the bases that the incident fell within a policy exclusion for automobile accidents and, alternatively, that Pagano was not acting within the scope of his employment at the time of the accident. The court entered judgment against plaintiffs on July 29, 1994. Plaintiffs filed and served a "motion to reconsider" on August 8, 1994, asking the court to reconsider its ruling because they needed more discovery in certain areas. They also filed a brief in support of the motion on August 15 that

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

raised additional grounds going to the merits of the summary judgment ruling. On March 13, 1995, the court determined that the motion and supporting brief were untimely under Fed. R. Civ. P. 59(e), considered them together as a Rule 60(b) motion, and denied relief. Plaintiffs filed their only notice of appeal on April 12, 1995.

Defendant has moved for dismissal of this appeal for lack of jurisdiction because plaintiffs failed to file their notice of appeal within thirty days after summary judgment was entered, as required by Fed. R. App. P. 4(a)(1). See Parker v. Board of Pub. Util., 77 F.3d 1289, 1290 (10th Cir. 1996). Plaintiffs contend that their "motion to reconsider" should be construed as a Rule 59(e) motion that tolled the time for filing the notice of appeal under Fed. R. App. P. 4(a)(4). See, e.g., Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992); Dalton v. First Interstate Bank, 863 F.2d 702, 704 (10th Cir. 1988).

Under the 1993 amendments to Fed. R. App. P. 4, a Rule 60 motion will toll the time for filing the notice of appeal "if the motion is filed no later than 10 days after the entry of judgment." Fed. R. App. P. 4(a)(4)(F). The analysis formerly required to determine whether a motion sufficiently challenged the substantive correctness of the court's decision to qualify as a Rule 59(e) motion, or sought only technical changes under Rule 60, see, e.g., Martinez v. Sullivan,

874 F.2d 751, 753 (10th Cir. 1989); Dalton, 863 F.2d at 703-04; Vreeken v. Davis, 718 F.2d 343 345-46 (10th Cir. 1983); St. Paul Fire & Marine Ins. Co. v. Continental Casualty Co., 684 F.2d 691, 693 (10th Cir. 1982); Miller v. Leavenworth-Jefferson Elec. Coop., 653 F.2d 1378, 1380 (10th Cir. 1981), has been superceded by this rule change. Because the motion to reconsider was filed within ten days after the entry of judgment, it qualified as a Rule 60(b) motion even without considering the subsequently filed supporting brief. Thus, the motion tolled the time for taking the appeal, and it is clear from plaintiffs' notice of appeal and docketing statement that they intended to appeal from the district court's entry of summary judgment against them as well as from the denial of the motion to reconsider. See Cooper v. American Auto. Ins. Co., 978 F.2d 602, 607-09 (10th Cir. 1992). We therefore have jurisdiction over the court's grant of summary judgment against plaintiffs under 28 U.S.C. § 1291.[2]

We review a grant of summary judgment de novo, Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995), and may affirm on any legal ground supported by the record, United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th

---

[2] Though plaintiffs state that they are appealing from the district court's denial of the motion to reconsider, their argument addresses only the court's alleged error in not treating it as a Rule 59(e) motion and the effect of that alleged error on this court's jurisdiction. Because we conclude we have jurisdiction and plaintiffs present no other argument regarding the court's denial of the motion to reconsider, we address only plaintiffs' arguments regarding the grant of summary judgment.

Cir. 1994). We have fully considered the parties' arguments and reviewed the record, and we agree with the district court that Pagano was not acting within the scope of his employment at the time of the accident. We therefore affirm the district court's grant of summary judgment for substantially the same reasons as the court stated in its July 28, 1994 order with respect to this issue.

The motion to dismiss is DENIED. The judgment of the district court is AFFIRMED.