David CROCKER, et al., Plaintiffs,

v.

T. DURKIN, et al., Defendants.

No. CIV. 98–3157–CM.

United States District Court, D. Kansas.

Jan. 21, 2002.

David Crocker, Leavenworth, KS, pro se.

Edward J. Ford, Florence, CO, pro se.

Kevin Dwight Lewis, Florence, CO, pro se.

Kenneth Harvey, White Deer, PA, pro se.

Robert A. Olsen, Office of United States Attorney, Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

This matter is before the court on pro se plaintiffs' motion (Doc. 64) for reconsideration of the court's July 12, 2001 order (Doc. 63) granting the defendants' motion for partial summary judgment. Plaintiffs brought this Bivens action against the defendant prison officials, alleging religious discrimination in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution.[1] In its July 12, 2001 order, the court dismissed plaintiffs' constitutional claims, but granted the plaintiffs leave to amend their complaint to include a claim under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb–1. For the reasons set forth below, the court denies plaintiffs' motion.

### I. Procedural History/Background

Plaintiffs are members of the Nation of Islam (NOI) faith and are inmates incarcerated at the federal penitentiaries in Leaven-

---

1. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* the Supreme Court held that the Fourth Amendment authorizes a cause of action against federal agents for consti- tutional violations, paralleling 42 U.S.C. § 1983. 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

worth, Kansas and Florence, Colorado. In their complaint, plaintiffs allege that the defendant prison officials violated their rights to the free exercise of religion, due process, and equal protection pursuant to the First, Fifth, and Fourteenth Amendments. In its July 12, 2001 order, the court granted summary judgment to defendants on plaintiffs' free exercise claims, because plaintiffs failed to show that the defendants acted contrary to clearly established law. *Crocker v. Durkin,* 159 F.Supp.2d 1258, 1279 (D.Kan.2001). With respect to the plaintiffs' equal protection claims, the court granted summary judgment in favor of the defendants. *Id.* at 1280–82. The court noted that plaintiffs failed to meet their burden to show facts establishing a constitutional deprivation. The court granted summary judgment in favor of the defendants regarding the plaintiffs' due process claims as well, noting that the conduct of which plaintiffs complained did not rise to the level of a due process violation. *Id.* at 1283. However, the court granted plaintiffs leave to amend the complaint to include a claim under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb–1.

## II. Applicability of Rule 60(b)

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991). Plaintiffs ask the court to reconsider its ruling under Federal Rule of Civil Procedure 59. However, Rule 59 motions to alter or amend a judgment must be filed no later than ten days after the entry of judgment. Fed. R.Civ.P. 59(e). If a motion is filed within ten days of judgment, a court will generally consider it under Rule 59(e). *Id.* (citing *Dalton v. First Interstate Bank of Denver,* 863 F.2d 702, 703–04 (10th Cir.1988)). However, if the motion is served after the ten-day period has passed, it is generally considered pursuant to Rule 60(b). *Id.* (citing *Wilson v. Al McCord, Inc.,* 858 F.2d 1469, 1478 (10th Cir.1988)). Here, the court entered its order of partial summary judgment on July 12, 2001. Plaintiffs did not file their motion for reconsideration until August 22, 2001. In their motion, plaintiffs acknowledge their untimeliness, but ask the court to excuse their delay due to the lockdowns that occurred at the prison. However, pursuant to the affidavits submitted by the plaintiffs regarding the lockdowns, it is clear that none of the lockdowns occurred during the ten days after entry of judgment. The court denies the plaintiffs' request for an excuse of their delay and considers plaintiffs' motion under Rule 60(b).

## III. Standard Pursuant to Rule 60(b)

■ Federal Rule of Civil Procedure 60 provides for relief from judgment or order in the event of

(a) clerical mistakes, or,

(b)(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud … misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based as been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief …

Whether to grant a motion for reconsideration is a matter within the court's discretion. *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir.1988). Relief under rule 60(b) is appropriate only in extraordinary circumstances. *Van Skiver v. United States,* 952 F.2d 1241, 1244 (10th Cir.1991) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.,* 909 F.2d 1437, 1440 (10th Cir. 1990)). The purpose of a Rule 60(b) motion is not to ask the court to revisit arguments it has already considered, nor to advance new arguments that were available to a party during its original motion for summary judgment. *Van Skiver,* 952 F.2d at 1243.

## IV. Discussion

In their motion, plaintiffs assert that they were unaware of the court's requirement that

698

all facts shall be deemed admitted for purposes of summary judgment unless directly controverted by the statements of the opposing party. See D. Kan. R. 56.1. They raise many of the same arguments already considered and rejected by the court in its order granting partial summary judgment. Namely, they reiterate their First Amendment, equal protection, and due process claims. Other than their claim that the court was mistaken in its prior conclusions, the plaintiffs do not assert any of the grounds for relief from judgment recognized by Rule 60(b). They do not contend that newly discovered evidence, fraud, misrepresentation, or any other factor warrants a reconsideration of the court's order granting partial summary judgment.

Rather, the plaintiffs contend the court misapplied the law or misunderstood the facts before it. This argument is properly brought under Rule 59(e) within ten days of judgment or upon direct appeal, but it does not warrant relief under Rule 60(b). *Van Skiver*, 952 F.2d at 1244 (citing *Smith v. Evans*, 853 F.2d 155, 159 (3d Cir.1988), inter alia). The Tenth Circuit has "recognize[d] that relief may be granted under Rule 60(b)(1) on a theory of mistake of law when, as here, the Rule 60(b) motion is filed before the time to file a notice of appeal has expired. However, such relief is available only for obvious errors of law, apparent on the record." *Van Skiver*, 952 F.2d at 1244 (citations omitted). Plaintiffs do not assert that a facially obvious mistake of law has occurred, and the court sees no reason to revise its previous analysis.

## V. Order

The court finds no manifest error of law or fact in its prior decision. Plaintiff has not shown grounds for relief from judgment as required by Federal Rule of Civil Procedure 60(b). Accordingly, the court denies the plaintiffs' motion for reconsideration.

**IT IS THEREFORE ORDERED** that defendant's motion for reconsideration (Doc. 64) is denied.