**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80257**
**(303) 844-3157**

Elisabeth A. Shumaker                                    Douglas E. Cressler
     Clerk                                             Chief Deputy Clerk

March 27, 2006

**TO:**  ALL RECIPIENTS OF THE OPINION
**RE:**  05-3081, *Allender v. Rayethon*
           Filed March 9, 2006

This opinion contains a clerical error.  On page 9, the second sentence of the last paragraph should read, "Her time to file a notice of appeal from the district court's entry of summary judgment therefore expired on November 14, 2004."

A corrected opinion is attached.

Sincerely,
Elisabeth A. Shumaker, Clerk of Court

By:
        Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PEGGY ALLENDER,

        Plaintiff-Appellant,

v.

RAYTHEON AIRCRAFT
COMPANY,

        Defendant-Appellee.

No. 05-3081

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. NO. 03-CV-1396-JTM)**

Jim Lawing, Wichita, Kansas, for Plaintiff-Appellant.

Terry Mann of Martin, Pringle, Oliver, Wallace & Bauer, Wichita, Kansas, for
Defendant-Appellee.

Before **LUCERO** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

**McCONNELL** , Circuit Judge.

     This case is a reminder of how procedural rules can affect the issues a court
can consider on appeal. Plaintiff-Appellant Peggy Allender sought to appeal the
district court's October 15, 2004 final order entering summary judgment in favor

of Raytheon Aircraft Company ("Raytheon"). She waited to file her notice of appeal until after the district court denied her motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Although a Rule 59(e) motion tolls the time to file a notice of appeal if the motion is filed within ten days of entry of a final judgment, *see* Fed. R. App. P. 4(a)(4)(A)(iv), Ms. Allender's motion was not properly filed within the ten-day period. Accordingly, we lack jurisdiction to address her appeal from the summary judgment order. Ms. Allender also appeals the district court's denial of her motion to amend, which the district court deemed untimely and considered as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). Because the district court properly converted her motion into a Rule 60(b) motion and Ms. Allender has failed to show that the district court abused its discretion in denying the motion, we affirm the judgment of the district court.

## I.  Background

Ms. Allender filed a lawsuit against Raytheon alleging that Raytheon interfered with her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, by terminating her for excessive absences. Ms. Allender claimed that her absences were the result of facial pain arising from a root canal procedure, a condition Raytheon had previously certified as a serious medical condition. Raytheon denied that it had interfered with her FMLA rights, claiming

2

that Ms. Allender failed to qualify for FMLA leave because she did not provide Raytheon with notice or certification that she was taking FMLA-qualified leave. On October 15, 2004, the district court entered a final order granting Raytheon summary judgment.

Ms. Allender filed a motion to alter or amend the judgment under Rule 59(e) on October 22, 2004. This motion was not accompanied by a memorandum of law, but rather requested an additional twenty days in which to file a supporting memorandum. The district court granted the extension on October 27, 2004, and Ms. Allender filed the supporting memorandum on November 15, 2004. In its response to Ms. Allender's motion to amend, Raytheon argued that Ms. Allender's Rule 59(e) motion was untimely because it was not filed within ten days from the entry of final judgment and asked the district court to convert the motion into one brought under Rule 60(b), which may be filed at any time but is subject to more stringent standards. The district court accepted Raytheon's argument, finding that Ms. Allender's Rule 59(e) motion was untimely because the court lacked jurisdiction to extend the time for filing a Rule 59(e) motion and, under District of Kansas Local Rule 7.1(a), the motion was not complete until a brief or memorandum was filed. Construing the motion as a Rule 60(b) motion, the district court then denied Ms. Allender's request for reconsideration, finding that her arguments failed to show a basis for relief under Rule 60.

On February 17, 2005 Ms. Allender filed a notice of appeal, which stated:

Take notice that plaintiff Peggy Allender appeals to the United States Court of Appeals for the Tenth Circuit from the Order of the United States District Judge J. Thomas Marten entered February 7, 2005, denying plaintiff's motion, filed under Rule 59, to amend the Court's Judgment entered October 15, 2004, based on the findings of fact and conclusions of law in favor of defendant and against the plaintiff.

R. Vol. IV, p. 906. Ms. Allender's opening brief to this Court asked us to review the district court's grant of summary judgment *de novo*. The brief did not address the district court's ruling on her motion to alter or amend the summary judgment order. Raytheon argues that we lack jurisdiction to consider Ms. Allender's appeal from the summary judgment decision for two reasons: (1) her notice of appeal was untimely, and (2) the notice of appeal limits the scope of this appeal to Ms. Allender's motion to amend.

## II. Discussion

*A. Jurisdiction*

This Court can exercise jurisdiction only if a notice of appeal is timely filed. *United States v. Smith*, 182 F.3d 733, 734 (10th Cir. 1999). "A timely notice of appeal is both mandatory and jurisdictional." *United States v. Langham*, 77 F.3d 1280, 1280 (10th Cir. 1996). Federal Rule of Appellate Procedure 4(a)(1)(A) provides that in a civil case, a party must file a notice of appeal "within 30 days after the judgment or order appealed from is entered." Fed. R.

4

App. P. 4(a)(1)(A). However, the filing of certain motions can toll the time for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A). For example, the thirty-day period is tolled by filing a motion "to alter or amend the judgment under Rule 59," Fed. R. App. P. 4(a)(4)(A)(iv), or by filing a motion "for relief under Rule 60 if the motion is filed no later than 10 days . . . after the judgment is entered," Fed. R. App. P. 4(a)(4)(A)(vi).

The district court entered a final judgment on October 15, 2004. Ms. Allender did not file her notice of appeal until February 17, 2005. Thus, there is no question that her notice of appeal was filed more than thirty days after the entry of a final judgment. Ms. Allender argues that her appeal was timely because her Rule 59(e) motion tolled the time for her to file a notice of appeal. Raytheon claims that Ms. Allender's Rule 59(e) motion did not toll the thirty-day period because the motion was untimely and not supported by a memorandum of law.

Raytheon's argument relies on an interpretation of Rule 7.1(a) of the Rules of Practice of the United States District Court for the District of Kansas. Raytheon argues that Local Rule 7.1(a) requires all motions to be accompanied by a brief memorandum, and that Ms. Allender's Rule 59(e) motion was untimely because it failed to comply with the local rule. We need not decide whether the motion failed to comply with the local rule because Ms. Allender's motion failed to comply with Federal Rule of Civil Procedure 7(b)(1), a rule similar to, but less

5

rigorous than, Local Rule 7.1(a).

Federal Rule of Civil Procedure 7(b)(1) requires that "[a]n application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b)(1). The standard for particularity has been understood to mean "reasonable specification." *Martinez v. Trainor*, 556 F.2d 818, 820 (7th Cir. 1977) (internal quotation marks omitted). Thus, a motion that fails to state any grounds for relief or a motion that simply states that there are several reasons for relief without explaining those grounds for relief is insufficient under Rule 7(b)(1). *See id.* at 820 (holding that a defendant who failed to state "even one ground for granting the motion" failed to meet the standard of "reasonable specification"); *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 760-61 (7th Cir. 2001) (rejecting as incomplete under Rule 7(b)(1) a motion which sought "reconsideration of [the district court's] decision to dismiss his ADEA claims for *several reasons* which will be more fully addressed by a Memorandum in Support which Plaintiff seeks leave to file"). The motion Ms. Allender filed on October 22, 2004 stated, in relevant part:

> Plaintiff moves for an Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Petitioner also requests an additional 20 days in which to file a supporting Memorandum and any appropriate affidavit that would be useful to the Court in ruling on this motion.

R. Vol. IV, p. 869. This motion did not meet the requirements of Rule 7(b)(1). It

6

did not provide a single ground for relief, let alone state the grounds for relief with "reasonable specification." Accordingly, Ms. Allender's "Rule 59 motion" was not a properly filed motion under Rule 7(b)(1) and was therefore insufficient to toll the period for filing a notice of appeal. *See Riley v. Northwestern Bell Tel. Co.*, 1 F.3d 725, 726-67 (8th Cir. 1993) (holding that a skeletal motion that does not satisfy Rule 7(b)(1) does not toll the time to file a notice of appeal because the contrary rule would defeat the purpose of the time limit, "whittle away at the rules and ultimately render them meaningless and unenforceable").

This Court's decision in *Grantham v. Ohio Casualty Co.*, 97 F.3d 434 (10th Cir. 1996), does not compel a different conclusion. In *Grantham*, the defendant moved for dismissal because the plaintiff failed to file the notice of appeal within 30 days. *Id.* at 435. The plaintiffs argued that their "motion to reconsider" should be construed as a Rule 59(e) motion that tolls the time for filing a notice of appeal. *Id.* We noted that the 1993 amendments to Federal Rule of Appellate Procedure 4 allowed motions filed pursuant to Rule 60 within ten days of the entry of judgment to toll the period for filing an appeal. *Id.* Without considering the substance of the "motion to reconsider," this Court held that "[b]ecause the motion to reconsider was filed within ten days after the entry of judgment, it qualified as a Rule 60(b) motion [which tolled the time for an appeal] even without considering the subsequently filed supporting brief." *Id.* In that case,

7

however, the plaintiff's initial motion provided grounds for relief—namely that the plaintiff "needed more discovery in certain areas." *Id.* The initial motion therefore complied with Rule 7(b)(1) and there was no need to consider whether the subsequently filed supporting brief was filed within the ten-day period. Because Ms. Allender's supporting memorandum was filed outside the ten-day period, and her motion did not comply with Rule 7(b)(1), this case is distinguishable from *Grantham*, and Ms. Allender's motion—unlike the *Grantham* plaintiffs' motion—did not toll the time to file a notice of appeal.

Ms. Allender contends that we should nonetheless find that her Rule 59(e) motion tolled the thirty-day period because the district court's grant of her request for additional time to file the supporting memorandum constitutes a "unique circumstance." Where "'unique circumstances'" exist to justify a delay in filing, an appellate court may extend the time for filing an appeal. *See Thompson v. INS*, 375 U.S. 384, 399-400 (1964) (per curiam) (quoting *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217 (1962)). The "unique circumstances test," however, is a limited one. In *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 179 (1989), the Court limited the test to situations in which "a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." However, a party cannot rely on an extension

8

that is prohibited by the federal rules because "[b]y asking the court for an extension that the rules expressly prohibit, the party invite[s] the ensuing error." *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000); *see also Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1258 (10th Cir. 1990).

A motion filed pursuant to Rule 59(e) must be filed "no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Under Rule 7(b)(1), that motion must state the grounds for relief with particularity. A district court may not grant a party additional time to file a proper Rule 59(e) motion. *Weitz*, 214 F.3d at 1179. Rule 6(b) authorizes district courts to extend various time limits under the rules, but specifically excludes from that list any action taken under Rule 59(e). Fed. R. Civ. P. 6(b). Thus, the federal rules expressly required Ms. Allender's motion to state the grounds for relief with particularity and to be filed within ten days of entry of the summary judgment order, and expressly barred the district court from granting an extension of time. Because her request for additional time was prohibited by the rules, her reliance on the district court's grant of additional time was not reasonable and does not constitute a "unique circumstance."

Accordingly, Ms. Allender's Rule 59(e) motion did not toll the period for her to file a notice of appeal. Her time to file a notice of appeal from the district

9

court's entry of summary judgment therefore expired on November 14, 2004. Because Ms. Allender did not file her notice of appeal until February 17, 2005, we lack jurisdiction to consider her appeal from the summary judgment order. We nevertheless retain jurisdiction over her appeal from the district court's denial of her Rule 59(e) motion, which the district court deemed untimely and converted into a Rule 60(b) motion. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (explaining that if a Rule 59(e) motion is filed more than ten days after judgment, then it is considered as a Rule 60(b) motion).

B.      *Review of the district court's denial of the Rule 59(e) motion*

In her notice of appeal, Ms. Allender specifically appealed from the district court's "February 7, 2005 [order], denying plaintiff's motion, filed under Rule 59, to amend the Court's Judgment entered October 15, 2004." R. Vol. IV, p. 906. However, as explained above, Ms. Allender's Rule 59(e) motion was converted into a Rule 60(b) motion. We therefore consider first whether the district court properly converted her Rule 59(e) motion into a Rule 60(b) motion.

Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the time in which the motion is filed. "If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (internal citation

10

omitted).  Because the only motion Ms. Allender filed within the ten-day time period did not comply with Rule 7(b)(1), her motion was not properly filed within the ten-day period.  Therefore, the district court properly converted the motion into one brought under Rule 60(b).

We review the district court's denial of a Rule 60(b) motion for an abuse of discretion.  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).  "However, in determining whether a district court abused its discretion, we are mindful that '[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.'"  *Id.* (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).  Rule 60 permits a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  A litigant demonstrates exceptional circumstances by satisfying at least one of Rule 60(b)'s six grounds for relief.  *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991).

The district court found that Ms. Allender failed to show a basis for relief under Rule 60.  We agree.  In her Rule 59(e) motion, Ms. Allender argued that the

district court should have granted oral argument on the summary judgment motion. However, the court's failure to grant oral argument on a motion is not a basis for relief under Rule 60(b). Ms. Allender's motion also sought to reargue various findings of fact. Rule 60(b) relief is not available to allow a party merely to reargue issues previously addressed to the court. *Cashner*, 98 F.3d at 577; *Van Skiver*, 952 F.2d at 1243. Because Ms. Allender failed to show exceptional circumstances warranting relief from judgment, the district court did not abuse its discretion in denying the motion.

## III. Conclusion

For the foregoing reasons, we **AFFIRM** the decision of the district court.

12