FILED
United States Court of Appeals
Tenth Circuit

February 4, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SONJA J. PALMER,

          Plaintiff-Appellant,

v.

DENVER HEALTH AND HOSPITAL
AUTHORITY,

          Defendant-Appellee.

No. 07-1309
(D.C. No. 05-cv-00082-WYD-MEH)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **EBEL**, and **MURPHY**, Circuit Judges.

---

In this employment discrimination case, plaintiff Sonja J. Palmer,

appearing pro se, appeals the district court's grant of summary judgment in favor

of defendant Denver Health and Hospital Authority. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff is a former employee of defendant Denver Health and Hospital Authority, and she filed suit against defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, alleging that defendant discriminated against her based on her race (African-American) and gender and unlawfully retaliated against her when it terminated her employment and engaged in other discrete acts of discrimination.[1] On April 30, 2007, after conducting a hearing on the matter which plaintiff attended by telephone and after having previously dismissed certain of plaintiff's claims under Fed. R. Civ. P. 12(b), the district court entered a very thorough and detailed sixteen-page order granting defendant summary judgment on all of plaintiff's claims. *See* R., Doc. 112. In doing so, the court rejected the recommendation of the magistrate judge that summary judgment "be granted on all remaining clams in this action, with the exception of Plaintiff's claim of retaliation based on adverse employment actions occurring after September 29, 2004." *Id.*, Doc. 97 at 14. Specifically, the court reasoned as follows:

> Defendant filed its Motion for Summary Judgment on October 13, 2006 . . . . As mentioned above, [the magistrate judge] recommended that all claims be dismissed pursuant to Defendant's Motion for Summary Judgment except for the Retaliation claim based on adverse employment actions occurring after September 29, 2004. This recommendation was based on [the magistrate judge's] finding

---

[1] In the proceedings before the district court, plaintiff also alleged that defendant subjected her to a hostile work environment. Plaintiff has abandoned that claim in this appeal, however, and we therefore do not need to consider it.

that there existed an issue of triable fact regarding whether or not Defendant's proffered explanation for discharging Plaintiff was a pretext for retaliation.  For the reasons below, I disagree in part with [the magistrate judge's] Recommendation.  Contrary to the Recommendation, I find that Plaintiff fails to bring forth any admissible evidence that Defendant's reasoning behind her termination [*i.e.*, "selling DVD's as a personal business in the workplace during working time" and thereby violating defendant's workplace rules pertaining to solicitation/distribution and use of electronic mail, *see* R., Doc. 82, Ex. A-18] was a pretext for retaliation.  Accordingly, Defendant's Motion for Summary Judgment is granted as to all claims.

*Id.*, Doc. 112 at 3.

The district court subsequently entered a judgment in favor of defendant on May 1, 2007.  *Id.*, Doc. 113.  On May 30, 2007, more than ten days after the district court entered its judgment, plaintiff filed a motion asking the court to reconsider its grant of summary judgment.  The district court correctly treated plaintiff's motion as a motion for relief from judgment under Fed. R. Civ. P. 60(b) and denied the motion in an order it entered on July 9, 2007, reasoning as follows:

As to final judgments, the Tenth Circuit "construe[s] a motion for reconsideration in one of two ways." *Hawkins v. Evans*, 64 F.3d [543, 546 (10th Cir. 1995)].  "If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)." *Id.* (quotation omitted).  "Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b)." *Id.* (quotation omitted).  In the present situation, Plaintiff filed her Motion for Reconsideration on May 30, 2007, well over ten days from when the [judgment] was issued.  Accordingly, Plaintiff's motion will be construed as a motion seeking relief from judgment

under Fed. R. Civ. P. 60(b).  There are three major grounds that justify reconsideration of a motion: (1) an intervening change in the controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.* at 1012.

In the case at hand, Plaintiff first argues that this Court misapprehended the facts and should not have dismissed her discrimination claim for Defendant's failure to promote her as untimely.  As explained below, I find that even if Plaintiff's claim for discrimination based on Defendant's failure to promote her was not untimely, she has failed to demonstrate that there is a genuine issue of material fact as to whether or not Defendant's reasons for [its] decision to not promote Plaintiff are pretextual.  As for Plaintiff's other claims, she has not advanced any change in the law or newly discovered evidence.  Rather, Plaintiff argues that she has now organized the evidence in a way that will demonstrate the Court's Order was in error.  To the contrary, I find that nothing in Plaintiff's Motion for Reconsideration or attached exhibits demonstrate that this Court erred in dismissing Plaintiff's claims on summary judgment.

R., Doc. 125 at 2-3.

On July 30, 2007, plaintiff filed her notice of appeal, stating that she was appealing "from the Summary Judgment and Reconsideration orders entered in this action on the 9th day of July, 2007."  *Id.*, Doc. 127.  However, because plaintiff failed to file her motion for reconsideration within ten days of the entry of the district court's judgment (as noted above, the judgment was entered on May 1, 2007, and plaintiff did not file her motion for reconsideration until May 30, 2007), the thirty-day period for appealing the judgment was not tolled by Fed.

-4-

R. App. P. 4(a)(4)(A)(iv) or (vi), and it therefore expired before plaintiff filed her notice of appeal. *Cf. Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1241-42 (10th Cir. 2006) (holding that an untimely Fed. R. Civ. P. 59(e) motion did not toll thirty-day period for filing an appeal regarding underlying summary judgment order).

As a result, we lack jurisdiction to consider plaintiff's appeal from the district court's summary judgment order and related judgment, and this appeal thus concerns only the order entered by the district court on July 9, 2007, denying plaintiff's motion for reconsideration. *Id.* Further, we treat that order as a denial of a motion for relief from judgment under Fed. R. Civ. P. 60(b), and "[w]e review the district court's denial of a Rule 60(b) motion for an abuse of discretion." *Id.* at 1242. "[I]n determining whether a district court abused its discretion, we are mindful that relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Id.* (quotations and alteration omitted); *see also Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) ("Given the lower court's discretion, the district court's ruling [on a Rule 60(b) motion] is only reviewed to determine if a definite, clear or unmistakable error occurred.") (quotation omitted).

We see no abuse of discretion by the district court here as plaintiff failed to support her motion for reconsideration with a showing of exceptional circumstances. Moreover, we agree with the district court "that Plaintiff did not

have sufficient evidence of pretext in order for her discrimination and retaliation claims to survive summary judgment," and "[t]here is nothing in Plaintiff's Motion for Reconsideration which calls for a different result." R., Doc. 125 at 5.

Accordingly, we AFFIRM the denial of plaintiff's motion for reconsideration for substantially the same reasons relied on by the district court in its order dated July 9, 2007. We DISMISS this appeal as to the order and related judgment granting summary judgment in favor of defendant.

Entered for the Court

Deanell Reece Tacha
Circuit Judge