**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 17, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v

DARREN BRAD WEST,

 Defendant-Appellant.

No. 11-4064
(D.C. Nos. 2:05-CR-00616-BSJ-1 and
2:10-CV-00716-BSJ)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **EBEL**, and **MATHESON**, Circuit Judges.

---

 Darren Brad West, proceeding pro se,[1] seeks a certificate of appealability

(COA) to appeal the district court's dismissal for lack of jurisdiction of his

motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[2] We

DENY Mr. West's application for a COA and DISMISS his appeal.

---

[*]  This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]  We liberally construe Mr. West's pro se pleadings. *See United States v. Shipp*, 589 F.3d 1084, 1088 (10th Cir. 2009).

[2]  Although Mr. West originally filed a motion to modify, correct, and/or reduce his sentence under 18 U.S.C. § 3582, the district court construed the motion as a request for § 2255 relief. Mr. West now agrees that he is seeking relief from his sentence through § 2255.

**I.**

In 2006, Mr. West pleaded guilty to and was convicted of two methamphetamine-related charges in violation of 21 U.S.C. § 841(c): knowingly possessing phosphorus and iodine and knowing or having reason to know that the chemicals would be used to manufacture methamphetamine. He was sentenced to 108 months' imprisonment. Mr. West appealed his sentence, asserting that the district court erred in using U.S.S.G. § 2D1.1(c)(2), instead of § 2D1.11, to set his offense level; and (2) the district court erred in determining the amount of methamphetamine that could be produced from the iodine. Rejecting these assertions, this court affirmed. *See United States v. West*, 257 F. App'x 76, 78-80 (10th Cir. 2007).

Thereafter, in February 2009, Mr. West filed a § 2255 motion asserting that his trial counsel was ineffective. On April 16, 2009, the district court denied relief. Mr. West did not appeal.

In July 2010, Mr. West filed a motion to modify, correct, and/or reduce his sentence under 18 U.S.C. § 3582. He contended that (1) he was actually innocent of the imposed sentence because it was improperly enhanced under § 2D1.1 as there was no admission or jury finding that anyone manufactured or attempted to manufacture methamphetamine; (2) his sentence was null and void because the district court lost jurisdiction; and (3) the sentencing factors were manipulated. Recognizing that Mr. West's motion challenged the lawfulness of his sentence,

the court decided that he could only obtain relief in a § 2255 proceeding. The court therefore deemed his filing to be an unauthorized second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h) ("A second or successive § 2255 motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); *id.* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Declining to transfer the motion to this court, the district court dismissed it for lack of jurisdiction on November 15, 2010. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

On April 4, 2011, Mr. West filed a notice of appeal indicating that he sought to appeal the 2009 denial of § 2255 relief. Mr. West also filed a motion for a COA to appeal the 2010 decision. The district court denied a COA for lack of jurisdiction.

## II.

We first consider whether Mr. West's appeal is timely. We "can exercise jurisdiction only if a notice of appeal is timely filed." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006). When the United States is a party, a timely notice of appeal must be filed within sixty days after entry of final judgment. Fed. R. App. P. 4(a)(1)(B). If no separate final judgment is entered, a

timely notice of appeal must be filed within 150 days of the district court's decision. Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii).

Mr. West sought to appeal the 2009 denial of § 2255 relief nearly two years after the district court entered judgment. An appeal from the 2009 denial of § 2255 relief is untimely. Although no separate judgment was filed, Mr. West filed his notice of appeal more than 150 days after entry of the order denying § 2255 relief.

Mr. West sought to appeal the 2010 dismissal for lack of jurisdiction more than four and a half months after the district court filed its decision. An appeal with respect to that dismissal is not untimely, because the district court did not enter a separate judgment and Mr. West filed his notice of appeal less than 150 days after the denial of § 2255 relief. We therefore proceed to the merits of Mr. West's COA application with respect to the 2010 decision.

### III.

A COA is a jurisdictional prerequisite to our review of the district court's decision. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if [Mr. West] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied his § 2255 motion on procedural grounds, we will grant a COA only if he "shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason

-4-

would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We conclude that Mr. West has failed to make this showing. Under the circumstances of this case, it is not debatable that the district court, when presented with an unauthorized second or successive application, correctly dismissed it for lack of jurisdiction. This is so because no reasonable jurist could debate the correctness of the district court's conclusion that Mr. West had failed to obtain authorization from this court to file a second or successive § 2255 motion alleging a claim based on "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2255(h) (setting forth requirements for filing second or successive § 2255 motion). Rather, Mr. West's claims are the same or similar to the claims he asserted on direct appeal, and are an attempt by him to challenge the same conviction and sentence he challenged in his first § 2255 motion.

**IV.**

Accordingly, we DENY Mr. West's application for a COA, and we DISMISS this appeal.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk