In accordance with the memorandum filed herewith,

**IT IS HEREBY ORDERED** that the motion for summary judgment of defendant City of St. Louis as to Count III of plaintiff's first amended complaint (Doc. 33) is granted. Count III of the first amended complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Counts I, II, and IV of plaintiff's first amended complaint are dismissed without prejudice.

**UNITED STATES of America,
Plaintiff,**

v.

**Charles Daniel BELGARDE,
Defendant.**

**No. C4–03–048.**

United States District Court,
D. North Dakota,
Northwestern Division.

Oct. 6, 2003.

Richard L. Hagar, Kenner Law Firm, P.C., Minot, ND, for defendant.

David D. Hagler, U.S. Attorneys, Bismarck, ND, for United States of America.

## ORDER

HOVLAND, Chief Judge.

This matter comes before the Court as a result of the Defendant's Motion for Determination of Mental Competency to Stand Trial (Docket No. 17) filed on August 5, 2003. On August 5, 2003, the Court issued an Order Granting Motion for Determination of Mental Competency to Stand Trial (Docket No. 19). Thereafter, the Defendant underwent an evaluation at the Federal Medical Center in Rochester, Minnesota.

On September 18, 2003, the Forensic Evaluation of Dr. Daniel Carlson of the Federal Medical Center was issued. Copies of the report were sent to counsel on

September 24, 2003. Dr. Carlson issued a detailed report and evaluation and opined that the Defendant, Charles Belgarde, was competent to stand trial. A competency and evidentiary hearing was held on October 6, 2003, in Bismarck, North Dakota. Representing the Government was AUSA Rick L. Volk, and representing the defendant was attorney Richard Hagar.

■ It is well-established in the Eighth Circuit that there is a three-part scheme for determining mental competency to stand trial under 18 U.S.C. § 4241. *U.S. v. Ferro,* 321 F.3d 756, 760 (8th Cir.2003). This Court must first determine, by a preponderance of the evidence, whether the defendant suffers from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). In *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), the Supreme Court said that it is not enough for the district court to find that the defendant is oriented to time and place and has some recollection of events. Instead, the question before the Court is whether the defendant presently has a rational and factual understanding of the proceedings against him *and* the ability to consult with his lawyer with a reasonable degree of rational understanding. *See Drope v. Missouri,* 420 U.S. 162, 172, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

If the district court concludes that the defendant is competent, then the case proceeds to trial. However, if the district court concludes that the defendant lacks sufficient mental competency to proceed to trial, the Court is required to commit the defendant to the custody of the Attorney General pursuant to the provisions of 18 U.S.C. § 4241(d).

In this case, defendant Charles Belgarde arrived at the Federal Medical Center in Rochester, Minnesota, on August 11, 2003. During his time at the facility, Belgarde was routinely observed on the ward by clinical and correctional staff and was also seen by a staff psychiatrist. The Defendant underwent a physical examination and routine laboratory tests. In addition, he participated in interviews and completed psychological testing; i.e., the Kaufman Brief Intelligence Test, the Reading Level Indicator, and the Minnesota Multiphasic Personality Inventory–2 (MMPI–2).

With respect to Dr. Carlson's opinions as to Belgarde's competence to stand trial, the following opinion was expressed:

*OPINION ON COMPETENCE TO STAND TRIAL:* Mr. Belgarde was interviewed regarding his knowledge of his case, the court system, and the legal procedures. He exhibited an awareness of the charges against him. He showed an understanding of the nature and implications of probation. The defendant was able to describe the pleas that can be entered in court. He showed a basic understanding of the nature and implications of a plea bargain, stating, "If you plead guilty, they'll give you a lesser charge." Mr. Belgarde exhibited a good understanding of the roles and functions of the various courtroom participants, including the public defender ("defending me"), prosecutor ("to show the evidence to convince the jury or Judge the person is guilty"), Judge ("look at the evidence and make a decision"), jury ("look at the evidence and decide if guilty or not guilty; 12 people"), defendant ("the person that's on trial"), and witnesses ("somebody that seen something that happened that testifies"). Mr. Belgarde exhibited an understanding that the Court has authority over him. He was able to describe the nature and implications of evidence. He responded in an appropriately self-protective manner when asked about the

nature of the evidence that pertains to his case. He gave the impression he has given consideration to legal strategies. Mr. Belgarde said he has an attorney and was able to state the attorney's name. He reported being disappointed in the legal representation he has received thus far, but he did not voice paranoid thoughts about counsel. He answered appropriately when asked how he can help his attorney with the case, and when he asked a hypothetical question about the defendant's options if he disagrees with counsel. Mr. Belgarde exhibited an understanding of the meaning and implications of attorney/client confidentiality. The defendant said he expects to have no problems discussing the case with his lawyer. He was fully cooperative with staff at FMC Rochester, suggesting he has the ability to cooperate with counsel. The defendant answered appropriately when asked how is expected to act in Court. He denied ever having difficulty behaving appropriately in a courtroom. Mr. Belgarde expressed the opinion that he is fully competent to participate in legal proceedings.

Mr. Belgarde displayed an adequate knowledge of the criminal justice system and the legal issues relative to his case. His attention, concentration, and comprehension are adequate. There is no evidence he suffers from a mental disorder that compromises his contact with reality. *It is the professional opinion of the undersigned evaluator that Charles Belgarde does not suffer from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense.* It will be important to remember that Mr. Belgarde has below average intellectual and reading skills. Therefore, all communication with him should be spoken rather than written; legal documents should be explained verbally. It will be advisable to give careful explanations to the defendant, and have him repeat his understanding of the issues. This will allow counsel to provide corrective feedback when needed and will increase the likelihood the defendant is maintaining an adequate comprehension of the proceedings. (emphasis added)

■ Based on the file, the evidence and arguments of counsel presented at the competency hearing on October 6, 2003; and the Forensic Evaluation of Dr. Daniel Carlson of the Federal Medical Center; the Court finds, by the preponderance of the evidence, that the Defendant, Charles Belgarde, is mentally competent to stand trial and to participate in a judicial proceeding to determine the validity of the criminal charges filed against him; that the Defendant is mentally competent and able to understand the nature and the consequences of the proceedings against him; and that the Defendant is able to properly assist in his defense.

■ The Government bears the burden of proving that the Defendant is competent to stand trial and the Government has met its burden in this case. *See Brown v. Warden, Great Meadow Correctional Facility,* 682 F.2d 348, 349 (2nd Cir. 1982)("the burden is placed on the prosecution to prove that the defendant is mentally competent to stand trial"); *United States v. Hollis,* 569 F.2d 199, 205 (3rd Cir.1977)("no burden of proof rests on a defendant to demonstrate his own incompetency"); *United States v. Makris,* 535 F.2d 899, 906 (5th Cir.1976)("There can be no question that in federal criminal cases the government has the burden of proving defendant competent to stand trial"); *U.S. v. Mason,* 935 F.Supp. 745, 759 (W.D.N.C. 1996)("The burden of proof of competency is on the Government to prove competency by a preponderance of the evidence");

*U.S. v. Kokoski,* 865 F.Supp. 325, 329 (S.D.W.Va.1994) *aff'd* 82 F.3d 411, 1996 WL 181482 ("The United States bears the burden of proving that the defendant is competent to stand trial."); *U.S. v. Riggin,* 732 F.Supp. 958, 963 (S.D.Ind.1990)("the burden of proving competence to stand trial would implicitly fall on the government").

There was no lay testimony presented nor any expert testimony presented to rebut the opinions of Dr. Daniel Carlson. Dr. Carlson's Forensic Evaluation was received into evidence without objection. The Court expressly finds, by the preponderance of the evidence, that the defendant, Charles Belgarde, is competent to stand trial. The Defendant is remanded to the custody of the U.S. Marshal to await trial.

IT IS SO ORDERED.