**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 22, 2006**

**TENTH CIRCUIT**

---

MICHAEL KOKOSKI,

          Petitioner - Appellant,

v.

DENNIS CALLAHAN, Warden,

          Respondent - Appellee.

Nos. 05-6377 and 06-6045

(W. Dist. Oklahoma)

(D.C. No. 05-CV-808-C)

---

**ORDER AND JUDGMENT[*]**

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

Michael Kokoski is incarcerated in West Virginia serving sentences for a

1994 conviction for employing a person under age 18 to distribute lysergic acid

diethylamide (LSD) and a subsequent conviction for escape from a federal

institution. Both convictions were in the United States District Court for the

Southern District of West Virginia and were affirmed on appeal by the United

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

States Court of Appeals for the Fourth Circuit. *See United States v. Kokoski,* 1996 WL 181482 (4th Cir. April 17, 1996) (per curiam) (unpublished); *United States v. Kokoski*, 2000 WL 1853389 (4th Cir. December 19, 2000) (per curiam) (unpublished). In 2001 he filed a motion under 28 U.S.C. § 2255 in the United States District Court for the Southern District of West Virginia, but that court denied relief and the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring a COA to appeal the denial of a motion under § 2255).

On July 15, 2005, while Mr. Kokoski was temporarily housed at the federal transfer center in Oklahoma City, he filed an application under 28 U.S.C. § 2241 in the United States District Court for the Western District of Oklahoma. He sought to have his convictions set aside because of (1) alleged constitutional defects in the seizure of evidence used to secure his drug conviction and (2) the involuntariness of his guilty pleas in both cases. He explained that he sought relief under § 2241 because a motion under § 2255 was inadequate or ineffective to test the legality of his detention. The court dismissed the application for lack of jurisdiction. It found no basis for concluding that § 2255 was inadequate or ineffective in this case and therefore determined that Mr. Kokoski's claims could not be brought under § 2241.

Mr. Kokoski then filed a "Motion in Obejection [sic] to Judgment of Dismissal Requesting Additional Findings of Fact and Conclusions of Law in

-2-

Support Thereof and/or Alteration or Amendment Thereof Necessary to Correct a Clear Error of Law or to Prevent Manifest Injustice: Demanding Vacator." R. Doc. 15. The district court construed that motion as either a motion for relief from the court's judgment under Fed. R. Civ. P. 60(b) or a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). It denied the motion as untimely under Rule 59(e) and for not alleging any appropriate grounds for relief under Rule 60(b). Mr. Kokoski appeals both the district court's dismissal of his § 2241 application (05-6377) and its denial of his subsequent motion (06-6045). We affirm both decisions.

## I.    SECTION 2241 APPLICATION

We review de novo the district court's denial of Mr. Kokoski's § 2241 application. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

> A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255.

> A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence. The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined.

> The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255. More specifically, § 2255 prohibits a district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 if it appears that the applicant has

-3-

failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.

*Id.* (internal quotation marks and citations omitted). It is well-established that the denial of a motion under § 2255 is not in itself sufficient to establish that that remedy is inadequate or ineffective. *See Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963). Nor do the procedural hurdles to filing a second § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) render that remedy unavailable or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Kokoski acknowledges that the claims in his § 2241 application attacking his convictions are "identical" to those he raised in his § 2255 motion before the sentencing court. Aplt Br. (06-6045) at 14. But he argues that § 2255 was inadequate to test the legality of his sentence "due to willful blindness to the involvement of attorney's [sic] in scheme to defraud courts in that jurisdiction." *Id*. The only evidence of "willful blindness," however, appears to be that the sentencing court (and the Fourth Circuit) disagreed with him on the merits of his § 2255 motion. Mr. Kokoski therefore has not satisfied his burden to show that his case presents one of the "extremely limited circumstances" in which § 2255 is inadequate to test the legality of his federal convictions. *Caravalho*, 177 F.3d at

1178.  The district court was correct in concluding that Mr. Kokoski's claims cannot be brought under § 2241 and that it lacked jurisdiction to consider his application because, properly construed as a motion under § 2255, it must be brought in the district in which he was convicted—the Southern District of West Virginia.  *See Bradshaw*, 86 F.3d at 166; *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) ("Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court . . . lacked jurisdiction.").

## II.    RULE 60(B) MOTION

Mr. Kokoski's subsequent motion is properly construed as a motion under Rule 60(b).  *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) ("Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the time in which the motion is filed. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b)." (internal quotation marks omitted)).  We generally review the denial of a motion under Rule 60(b) only for abuse of discretion  *See Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000).  The exception is motions under Rule 60(b)(4) alleging that the underlying judgment is void; those we review de novo.  *See id*.  Mr. Kokoski does not state the specific grounds on which he seeks relief under Rule 60(b).  His argument amounts to a contention that the merit of his underlying challenge to his convictions renders all contrary conclusions by any court void.  He also reiterates

his contention that § 2255 is an inadequate remedy because his motion under that section was not decided in his favor. To the extent that he argues that the district court's dismissal of his § 2241 application is void, his argument lacks legal or factual merit, and we reject it under any standard of review. Furthermore, the district court did not abuse its discretion in concluding that Mr. Kokoski failed to assert any other basis for relief under Rule 60(b). The court was free to conclude that none of Mr. Kokoski's arguments suggested "exceptional circumstances" warranting relief under Rule 60(b). *See Allender*, 439 F.3d at 1242 ("[R]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." (internal quotation marks and brackets omitted)).

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's dismissal of Mr. Kokoski's § 2241 application and its denial of his subsequent Rule 60(b) motion. We DENY his "Motion for Leave to file Attached Motion, Memorandum with Exhibits." We also DENY his motions to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-6-