**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 11, 2007**

**TENTH CIRCUIT**

KYLE L. HOUSTON,

      Plaintiff-Appellant,

      v.

C. SHAMES (Physican [sic] at
DRDC); FRED G. HUDSON (Provider
at DRDC); LOUIS CABILING (Doctor
at T.C.F.); KIM ORTEZ (Clinical
Supervisor); BETTY ESQUIBEL
(Provider at T.C.F.); A. ANDERSON
(R.N. at T.C.F.); DEBORAH L.
BERRY (Provider at T.C.F.); and
VERNON MCDOWELL (Case
Manager FMCC),

      Defendants-Appellees.

No. 06-1104
(D. Colorado)
(D.C. No. 05-CV-1405-ZLW)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR,** and **MCCONNELL**, Circuit Judges.

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited
however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec.
1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, state prisoner Kyle Lee Houston appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. Houston's original complaint was signed by him on July 7, 2005, and received by the district court on July 11, 2005. The district court concluded Houston's complaint was deficient because it did not state with specificity whether he had exhausted his administrative remedies with respect to his Eighth Amendment claims. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). Accordingly, the court ordered Houston to file an amended complaint.

In his amended complaint, Houston alleged Defendants violated his Eighth Amendment rights by denying adequate medical treatment for (1) a prior injury to his foot, (2) diabetes, (3) hypertension, and (4) stomach and abdominal pain. He asserted he had attempted to exhaust administrative remedies with respect to these claims but the prison staff failed to respond to his grievances within the required time period. The district court, however, noted that Houston had initiated administrative proceedings only *after* he filed his original complaint. The court dismissed Houston's complaint, concluding he had failed to exhaust his administrative remedies before initiating his federal lawsuit.

Houston then filed a document titled, "Motion For Reconsideration," which the district court properly construed as a motion seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1]  The district court denied the motion, noting that relief under Rule 60(b) is appropriate only in extraordinary circumstances and concluding Houston had failed to demonstrate the existence of such extraordinary circumstances.  *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

This court conducts a de novo review of a dismissal for failure to exhaust administrative remedies.  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  We review the denial of a Rule 60(b) motion for an abuse of discretion.  *Allender*, 439 F.3d at 1242.  On appeal, Houston asserts Defendants conspired to prevent him from exhausting his administrative remedies but provides no factual basis for this assertion.  He also argues a plaintiff proceeding pursuant to 42 U.S.C. § 1983 is not obligated to exhaust administrative remedies.  It is well-settled, however, that a prisoner must exhaust administrative remedies before filing a § 1983 lawsuit related to prison conditions.  *Steele*, 355 F.3d at

---

[1]The federal rules do not recognize a motion to reconsider.  A litigant seeking reconsideration must file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from judgment under Fed. R. Civ. P. 60(b).  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A Rule 59(e) motion must be filed within ten days of the entry of judgment, and if timely, it tolls the time for filing the notice of appeal under Fed. R. App. P. 4(a)(4).  A motion for reconsideration filed after the ten-day period is construed as a motion seeking relief from judgment under Rule 60(b).  *Id.*

1207 ("Under the plain statutory language and the Supreme Court case law, the substantive meaning of [42 U.S.C.] § 1997e(a) is clear: [R]esort to a prison grievance process must precede resort to a court." (quotation omitted)).

Having reviewed the entire record and considering Houston's appellate arguments, we conclude the district court did not err when it dismissed Houston's complaint without prejudice for failure to exhaust administrative remedies. Further, the district court did not abuse its discretion when it denied Houston's Motion for Reconsideration. Accordingly, we **affirm** the dismissal of Houston's complaint and the denial of his Rule 60(b) motion. Houston's application to proceed *in forma pauperis* on appeal is **granted**, but he is reminded that he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge