**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 12 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GLENN L. GREEN,

Defendant-Appellant.

No. 00-3383
(D.C. No. 00-3186-MLB)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **HENRY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BARRETT** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Glenn L. Green appeals from the district court's order denying his 28 U.S.C. § 2255 motion. In order for Mr. Green to proceed on appeal, he must

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

obtain a certificate of appealability (COA). *See id.* § 2253(c)(1)(B). We may grant him a COA only if he "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

In his appeal brief, Mr. Green raises the following issues:

I.     Green asserts actual innocence.

II.    Green's trial counsel suffered an actual conflict of interest in violation of Green's Sixth Amendment rights.

III.   The District Court denied Green's Sixth Amendment right to conflict free counsel when it failed to inquire as to the existence of a conflict of interest.

IV.    Green's Sixth Amendment rights were violated when trial counsel failed to allow Green to testify in his own behalf at trial.

V.     Green's Sixth Amendment right to effective assistance of counsel was violated when counsel failed to conduct an adequate investigation.

VI.    The District Court's assessment of many of the issues of Green's § 2255 Motion would be found by reasonable jurists to be debatable or wrong.

Aplt. Br. at 2.

In his application for certificate of appealability, Mr. Green indicates that he seeks a COA as to issues II - V, identified above. Having carefully reviewed Mr. Green's brief, his application for COA, the record including his appendix and addendum, and the applicable law, we conclude that Mr. Green has failed to show his entitlement to a COA under the above-described standards.

We therefore DENY COA and DISMISS this appeal. Mr. Green's motion to correct and supplement the record, to the extent not otherwise granted on June 6, 2001, is denied.

Entered for the Court

James E. Barrett
Senior Circuit Judge