FILED
United States Court of Appeals
Tenth Circuit

March 26, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GLENN L. GREEN,

      Defendant-Appellant.

No. 07-3146
(D.C. No. 97-CR-10164-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.

Glenn L. Green, a federal prisoner proceeding pro se, challenges the district court's orders denying his motion for relief under Fed. R. Civ. P. 60(b)(6). We affirm, though not for the reasons expressed by the district court.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Green has challenged his criminal convictions over a lengthy period. He was convicted in 1998 of two counts of possession of methamphetamine with intent to distribute and one count of possession of cocaine with intent to distribute. The convictions were affirmed on direct appeal. *United States v. Green*, 178 F.3d 1099, 1109 (10th Cir. 1999). In May 2000, Mr. Green filed a counseled motion under 28 U.S.C. § 2255, in which he raised issues relating to actual innocence, entitlement to conflict-free counsel, and ineffective assistance of counsel. The district court denied relief and this court denied a certificate of appealability (COA). *United States v. Green*, 42 F. App'x 372, 373 (10th Cir. 2002), *cert. denied*, 538 U.S. 1008 (2003).[1]

Almost seven years after the denial of his initial § 2255 application, Mr. Green filed a pro se motion for relief from judgment under Rule 60(b)(6). Among other things, he claimed that the district court's § 2255 order did not deal with his ineffective-assistance-of-counsel argument relating to certain vehicle stops and searches. The district court denied the motion on the ground it had considered and rejected these claims on direct appeal and in the underlying

---

[1]     Later, this court dismissed or denied three applications for authorization to file second and successive 28 U.S.C. § 2255 applications. *Green v. United States*, No. 04-3461 (10th Cir. Feb. 1, 2005) (unpublished order); *Green v. United States*, No. 05-3240 (10th Cir. Aug. 12, 2005) (unpublished order); *Green v. United States*, No. 05-3432 (10th Cir. Jan. 18, 2006) (unpublished order).

§ 2255 proceeding. The district court also denied Mr. Green's motion for reconsideration.

Mr. Green sought COA from the district court. His COA application narrowed his contentions to a single issue: whether the district court's § 2225 order addressed his theory that the vehicle stop and searches conducted on November 12, 1997, were illegal and that counsel failed to make an effective argument for the suppression of evidence obtained in those searches. In its COA order, the district court recast its analysis. It "assum[ed], for purposes of argument, that [it] failed to recognize that defendant was making ineffective assistance of counsel claims related to the November 12, 1997 searches when it denied his original § 2255 motion. . . ." R., Doc. 207 at 3. The district court found, however, that this omission "was, at most, an oversight" and denied COA. *Id.* at 4.

This court granted Mr. Green's request for COA. We now address his appeal of the district court's orders denying his Rule 60(b)(6) motion and motion for reconsideration.

## II.

We review the district court's denial of Mr. Green's Rule 60(b) motion for abuse of discretion. *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). "Under the abuse of discretion standard, we will not disturb a trial court's decision absent a definite and firm conviction that the lower court

made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Dunn*, ___ F.3d ___, 2009 WL 531872, at *4 (10th Cir. Mar. 4, 2009) (quotations omitted). Regardless of whether the district court itself provides adequate reasons for its decision, "we are free to affirm [the] decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *Lambertsen v. Utah Dep't of Corr.*, 79 F.3d 1024, 1029 (10th Cir. 1996) (quotation omitted).

The contradictions evident in the district court's Rule 60(b) and COA orders are troubling. Nevertheless, we recognize that the relief afforded by Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Allender*, 439 F.3d at 1242 (quotations omitted). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. . . . " *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Furthermore, Fed. R. Civ. P. 60(c)(i) requires the filing of a Rule 60(b)(6) motion "within a reasonable time."

The appellate record establishes several reasons for the denial of Mr. Green's Rule 60(b) motion and his motion for reconsideration. First, Mr. Green's almost seven-year delay is not within the "reasonable time" contemplated by Fed. R. Civ. P. 60(c)(1). *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (upholding district-court determination that

-4-

unexplained one-year delay between judgment and Rule 60(b) motion was not reasonable). Moreover, the lack of special circumstances can be found in the course of Mr. Green's prior actions. He appealed the district court's § 2255 ruling without mention of his November 1997 claim. *See Green*, 42 F. App'x at 373 (listing issues raised). His other challenges to his conviction have been repetitive, scattered, and unsuccessful.

## III.

In sum, Mr. Green has fallen far short of demonstrating the exceptional circumstances necessary to obtain the extraordinary relief provided by Rule 60(b). The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge