**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 25, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

ROBERT D. CARTER,

　　Petitioner - Appellant,

v.

DEON CLAYTON, Warden,

　　Respondent - Appellee.

No. 22-7031
(D.C. No. 6:19-CV-00243-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Robert Carter, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal an order denying his motion under Federal Rule of Civil

Procedure 60(b)(1) to set aside a judgment dismissing his 28 U.S.C. § 2254 petition as

untimely. For the reasons below, we deny Carter's request and dismiss this matter.

**Background**

Carter filed his § 2254 petition in July 2019, asserting various constitutional

challenges to his Oklahoma convictions for possessing child pornography. The State

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] "Because [Carter] is pro se, we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

moved to dismiss the petition as untimely, arguing that Carter filed it more than one year after his convictions became final in February 2016. *See* 28 U.S.C. § 2241(d)(1). The district court agreed. So in late November 2020, it dismissed the petition, declined to issue a COA, and entered judgment for the State. Carter then moved for reconsideration under Federal Rule of Civil Procedure 59(e); the district court denied that motion in August 2021.

Carter then made his first trip to this court, seeking a COA to challenge the district court's ruling that the one-year statute of limitations barred his petition. *See* 28 U.S.C. § 2253(c)(1)(A). Earlier this year, we denied Carter's COA request and dismissed the case. *Carter v. Clayton*, No. 21-7049, 2022 WL 484033, at *1 (10th Cir. Feb. 17, 2022). In doing so, we rejected Carter's argument—renewed from the district court—that his petition was timely under § 2241(d)(1)(B) and (D) because he filed it within one year of a state prosecutor belatedly disclosing police reports that revealed the factual basis for a Fourth Amendment claim asserted in his petition. *See id.* at *1, *3–4.

In June 2022, Carter reasserted that argument in a Rule 60(b)(1) motion asking the district court to set aside its November 2020 dismissal order. The district court denied Carter's motion as untimely after determining that he did not file it within "a year after the entry of the judgment," as required by Rule 60(c)(1). Carter appeals.

**Analysis**

In his second trip to this court, Carter requests a COA to appeal the order denying his Rule 60(b)(1) motion.[2] We may grant that request only if Carter shows that reasonable jurists could debate both (1) the validity of the underlying constitutional claims asserted in his habeas petition and (2) the district court's procedural ruling denying his Rule 60(b)(1) motion to set aside the judgment dismissing his petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 775 (2017) (applying *Slack* standard to habeas petitioner's Rule 60(b) motion). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's procedural ruling. *Slack*, 529 U.S. at 485.

Carter argues that reasonable jurists could disagree with the district court's procedural ruling because the district court based it on a mistaken view that the Rule 60(b)(1) motion was untimely. *See* Fed. R. Civ. P. 60(c)(1) (requiring parties to file Rule 60(b)(1) motions "no more than a year after the entry of the judgment or order or the date of the proceeding"). Specifically, he contends that the one-year deadline for filing such a motion began not when the district court first entered judgment in November 2020 (as the district court concluded), but when it denied his Rule 59(e) reconsideration motion in

---

[2] Our precedents require a COA to appeal an order denying a Rule 60(b) motion in a habeas case. *Spitnas v. Boone*, 464 F.3d 1213, 1217–18 (10th Cir. 2006). Initially, the district court did not consider whether to grant a COA, so when Carter appealed, we abated the appeal and remanded for consideration of that issue. The district court ultimately declined to issue a COA, and we have since lifted the abatement.

3

August 2021. As a result, Carter says, his Rule 60(b)(1) motion was timely because he filed it in June 2022—more than two months before the August 2022 deadline.

But even if the district court's Rule 60(b) timeliness analysis is debatable, as Carter suggests, its ultimate decision to deny his Rule 60(b)(1) motion is not. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) (noting our discretion to deny COA on any ground supported by the record). In the motion, Carter mentioned no "mistake, inadvertence, or excusable neglect" that would support setting aside the district court's decision to dismiss his § 2254 petition on statute-of-limitations grounds. Fed. R. Civ. P. 60(b)(1). Instead, he simply reasserted an argument the district court rejected in its dismissal order—that he timely filed the petition within one year of receiving the police reports that revealed the factual basis for his Fourth Amendment claim.[3] Because "Rule 60(b) relief is not available to allow a party merely to reargue issues previously addressed [by] the court," the district court here could not have granted Carter's motion even if he filed it on time. *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *see also Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (explaining that Rule 60(b) relief is inappropriate when motion "reiterate[s] the original issues" or "argu[es] that the district court misapplied the law or misunderstood [a party's] position"). For this reason, no reasonable jurist could debate the district court's decision to deny Carter's Rule 60(b)(1) motion, whether or not Carter timely filed it.

---

[3] The motion also repeated a related argument, which the district court likewise rejected in its earlier dismissal order, that the statute of limitations should be equitably tolled based on the state prosecutor's purported failure to timely disclose the police reports.

**Conclusion**

Because Carter fails to show that reasonable jurists could debate the district court's procedural ruling, we deny his COA request and dismiss this appeal. *See Slack*, 529 U.S. at 484.


Entered for the Court


Nancy L. Moritz
Circuit Judge